**Wallace A. MONTFORT et al., Appellants,**

**v.**

**Maurice W. ARCHER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

See also Ky., 477 S.W.2d 143.

Bill V. Seiller, Ewen, MacKenzie & Peden, Louisville, for appellants.

Frank E. Haddad, Jr., Ralph G. Stone, Mark Davis, Jr., Louisville, for appellees.

CULLEN, Commissioner.

In this action, brought by neighboring property owners against the owner of a tract of land in suburban Jefferson County, judgment was entered upholding the validity of a resolution of the Jefferson County Fiscal Court which rezoned part of the tract from M–2 (light industrial) to M–3 (heavy industrial), so as to permit operation of a concrete-mix plant on the tract.[1] The plaintiffs have appealed.

An application to rezone the entire tract to M–3 was made initially to the Louisville and Jefferson County Planning and Zoning Commission. After an *evidentiary* hearing, that commission recommended denial of the application. Thereafter the fiscal court, after a *nonevidentiary* public hearing, adopted a resolution granting the application in toto. Two weeks later the fiscal court rescinded that resolution. Some four months later, after the owner of the tract had executed a deed of restriction confining the uses of the tract to those authorized in an M–2 zone, except for the

concrete-mix-plant use on part of the tract, the fiscal court without further hearing adopted the resolution here in question, rezoning to M–3 that part of the tract occupied by the concrete-mix-plant.

In City of Louisville v. McDonald, Ky., 470 S.W.2d 173, this court specified the prerequisites for action by a legislative body that involves a finding of adjudicative facts. That case arose under the present zoning statutes, which became effective in June 1966, whereas the action by the fiscal court in the instant case was taken in 1965 and early 1966, under the former statutes applicable to Louisville and Jefferson County; but that fact is not material because the holding in *McDonald* was rested on constitutional requirements of due process, applicable to proceedings under the former statutes the same as to those under the existing statutes.

■ Under the principles of *McDonald*, if the legislative body does not follow the zoning commission's recommendation against a zoning change, and makes a change, the legislative body must make a finding of adjudicative facts, either from (and supported by) the record at the trial-type hearing held by the zoning commission, or from (and supported by) the record at a trial-type hearing held by the legislative body.

■ In the instant case, the fiscal court made no finding of facts, wherefore its action must be declared arbitrary. This does not end the matter, however, for the fiscal court may proceed, on remand, in accordance with the principles set forth in McDonald.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.

All concur.

---

1. See Holloway Ready-Mix Company v. Montfort, Ky. (petition for rehearing this day overruled), in which it was held that the plant could not be maintained as a nonconforming use in an M-2 zone.