**William HAYS et al., Appellants,**

v.

**CITY OF WINCHESTER, Kentucky, et al.,
Appellees.**

Court of Appeals of Kentucky.

June 1, 1973.

James B. Stewart, Winchester, Joseph D. Harkins, Lexington, for appellants.

Michael A. Rowady, Winchester, for appellees.

MILLIKEN, Justice.

The Board of Commissioners of the City of Winchester rezoned from C–D (commercial) to R–3 (residential) a tract of land containing six parcels which front on both sides of Boone Avenue at or near its intersections with Belmont Avenue and Short Street. A group of property owners brought action attacking the rezoning ordinance on the ground that it was arbitrary and unreasonable. The circuit court entered judgment upholding the ordinance and the plaintiffs have appealed.

Prior to 1963, the tract was zoned for residence purposes and in that year, the city entered into an agreement with the county to establish a joint comprehensive plan for development of the city and county. At that time, the unincorporated area of Clark County was not zoned and the zoning districts and uses established for Winchester warranted revisions. The city legislative body rejected the Winchester-Clark County Planning Commission's initial proposal that the disputed tract retain its residential classification and adopted by ordinance a subsequent recommendation that the tract be rezoned for commercial use. The ordinance became effective October 1, 1965.

Less than four months from the effective date of this ordinance, a group of citizens owning property in the vicinity of the tract applied to the planning commission for a rezoning of the area from commercial to residential. The planning commission conducted a trial-type hearing which provided proponents of the different zoning classifications ample opportunity to submit evidence in support of their respective positions. Upon conclusion of this hearing the commission voted on the rezoning issue. Due to a disqualification, one absence, and an apparent abstention, only five members of the eight-member

commission voted. The vote was three-to-two in favor of rezoning the area.

The by-laws of the planning commission and KRS 100.858, which has since been amended, required that " * * * approval of any ordinance, regulation or order shall be made only by majority vote of the entire commission." Based on the apparent failure of the planning commission to satisfy the vote requirement, the city legislative body referred the matter back to the commission.

At a meeting in May 1966, the planning commission concluded that the rezoning request did not carry by the required majority of the entire commission membership, and the following findings of fact and conclusions were issued in support of a recommendation that the area remain a commercial district:

1. That it is the finding of this Commission that there is in fact a need for the continuation of its Commercial uses located in the area and a further development of Commercial uses catering to the needs and servicing of this fast growing residential area in Winchester.

2. That the above finding was the initial finding of this Commission at the time of the adoption of the original revised Zoning Ordinance for the City of Winchester in June, 1965.

3. The Commission hereby affirms that the area was, in fact, zoned Commercial at that time and it is the finding of this Commission that there has been no social, physical or economic changes within this area or neighborhood to warrant its rezoning to residential uses.

4. And, lastly, the Commission hereby finds, declares, and recommends to the Winchester City Commission that the area remain zoned Commercial because no evidence has been submitted on which to base a finding of zone change.

Upon receipt of the commission's recommendation, the city legislative body conducted a nonevidentiary hearing on the rezoning issue. Without making findings of its own, the city legislative body rejected the recommendation of the commission and enacted an ordinance changing the zoning classification from commercial to residential.

Our opinion in City of Louisville v. McDonald, Ky., 470 S.W.2d 173, specifies the prerequisites for action by a legislative body which involves a finding of adjudicative facts. Although the controversy in McDonald arose under the present zoning statutes, which became effective in June, 1966, the holding in that case was rested on constitutional requirements of due process, which are equally applicable to proceedings under the former statutes. Montfort v. Archer, Ky., 477 S.W.2d 144.

Under the principles of McDonald, if the legislative body does not follow the planning commission's recommendation against a zoning change, and makes a change, the legislative body must make a finding of adjudicative facts, either from the record of the trial-type hearing held by the planning commission, or from the record of a trial-type hearing held by the legislative body. In either instance the finding of facts must be supported by the record.

In the case at bar, the city legislative body made no finding of facts and its action was, therefore, arbitrary. We point out, however, that the city legislative body may proceed, on remand, in accordance with the principles set forth in McDonald.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.