**Lawrence B. EDLIN et al., Appellants,**

v.

**FISCAL COURT OF JEFFERSON COUN-
TY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

June 15, 1973.

Michael O. McDonald, Louisville, S. Roy Woodall, Jr., Stewart E. Conner, Wyatt, Grafton & Sloss, Louisville, for appellants.

John G. Carroll, James F. Steinfeld, Louisville, for appellees.

REED, Justice.

Daniel B. Gardiner applied to the Louisville and Jefferson County Planning Commission for a change in zoning for 40 acres of land owned by him from R–4

(Single Family Residential) to C–1 (Light Commercial). The planning commission held an evidentiary hearing and subsequently entered findings and recommendations denying the proposed change. The fiscal court considered the application and the recommendations of the planning commission as the result of a public hearing held by it. Following this second hearing, the fiscal court referred the application back to the planning commission for further consideration. The planning commission issued a supplementary report in which it again recommended that the application be denied. The matter was then returned to the fiscal court and it made a factual finding that there had been major changes of an economic, physical, or social nature within the area involved, which were not anticipated in the community's comprehensive plan and which had substantially altered the basic character of the area in which Gardiner's property was located. The fiscal court thereupon approved the zone change.

The fiscal court's action was reviewed by the circuit court at the instance of property owners who protested the change. The circuit court held that due process had been afforded all interested parties and that the fiscal court's finding was supported by substantial evidence. The parties protesting the zone change thereupon appealed that determination to this court. We affirm the circuit court's judgment.

■ It seems to us that the circuit court was confined to consideration of the record made before the planning commission and before the legislative body. The issue on judicial review was whether the action of the legislative body was arbitrary in light of the record before it when its disposition was made. See City of Louisville, et al. v. Kavanaugh, et al., Ky., 495 S.W.2d 502 (decided May 4, 1973). In City of Louisville v. McDonald, Ky., 470 S.W.2d 173, 179 (1971), we said:

"If a legislative decision that affirmatively changes a zoning classification is made upon the basis of appropriate findings of either the commission or the legislative body, which are supported by substantial evidence adduced at the hearing, the legislative body's action will not be declared arbitrary."

■ In the McDonald case we pointed out that a legislative body may review the record made before the planning commission and determine from that evidence adjudicative facts different from those found by the commission. In Hays, et al. v. City of Winchester, Kentucky, et al., Ky., 495 S.W.2d 768 (decided June 1, 1973), we followed McDonald and stated that if a legislative body does not follow the planning commission's recommendation against a zoning change, and makes a change, the legislative body must make a finding of adjudicative facts, either from the record of the trial-type hearing held by the planning commission or from the record of a trial-type hearing held by the legislative body, and that in either instance, the finding of facts must be supported by the record.

Whether the hearing held by the fiscal court in this case was a trial-type hearing is not clear from the record. It is clear from the record, however, that in the proceedings before the planning commission there was ample evidence developed which supported the fiscal court's finding that there had been major changes of an economic and physical nature within the area involved which were not anticipated in the community's comprehensive plan and that the basic character of the area had been substantially altered since the adoption of the plan. The opinion of the circuit judge extensively recites this evidence. The opinion states:

"The [planning] commission did not take issue with the statements made by the applicant that there have been vast changes which have occurred in the Shelbyville Road area near the applicant's property during the recent past, including a change from agricultural to

commercial, institutional, and residential uses. The Commission seems to base its opposition on the feeling that the change is not economically feasible and that the amount of business to be anticipated by Mr. Gardiner would not be sufficient to make a success of the operation."

The factual finding and the ultimate decision reached by the legislative body are supported by substantial evidence adduced at the hearing before the planning commission. Therefore, the legislative body's action cannot be declared arbitrary upon judicial review.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED and STEPHENSON, JJ., sitting.

All concur.