**William H. DAVIS, Appellant,**

**v.**

**John L. RICHARDSON, III, et al.,**
**Appellees.**

Court of Appeals of Kentucky.

March 22, 1974.

stances, were in full view of the proposed club facilities, and including appellee, Cross, who owns adjacent and confronting property to Davis, protested the issuance of the conditional use permit. The Louisville Board of Zoning Adjustment held an evidentiary hearing and decided to grant the permit.

The protesting property owners appealed to the circuit court where the judge held that the board's order granting the permit was invalid and directed that new proceedings would have to be conducted before the board and a new determination made of Davis's entitlement to a permit to operate a private social club on his property. Davis thereupon appealed that decision to this court.

Davis advances two principal contentions in support of his argument that the circuit judge's determination was erroneous. First, Davis claims that the protesting property owners had no standing to secure judicial review of the board's decision. Second, he claims that the circuit court's determination was contrary to the applicable statutory law and the evidence presented at the board's hearing.

Since the applicable zoning regulations were not filed as a part of the record and we know of no rule that would permit us to take judicial knowledge of them, we are relegated to considering the case so far as the issues of law are concerned on the basis of the applicable statute.

Chapter 100 of the Kentucky Revised Statutes sets forth the legislative authorization and general scheme for local planning and zoning and applies to the City of Louisville. "Conditional use" is statutorily defined in the chapter in this language:

> " 'Conditional use' means a use which is essential to or would promote the public health, safety, or welfare *in one or more zones,* but which would impair the integrity and character of the zone in

---

Marshall B. Hardy, Jr., Hardy, Logan & Hastings, Louisville, for appellant.

William O. Guethlein, Edward H. Stopher, Boehl, Stopher, Graves & Deindoerfer, Louisville, for John L. Richardson, III, John J. Demy, Jesse L. Doll, Robert E. Martin and Joseph D. Cross.

Michael O. McDonald, Louisville, for Louisville and Jefferson County Board of Zoning Adjustment.

REED, Justice.

The appellant, William H. Davis, applied under the provisions of Louisville zoning regulations for a permit to locate a private social club on property owned by him and located in a residential zone. His application sought issuance of what the regulations (which were not filed in the record and are not properly before us) evidently denominated a "conditional use permit." Several residents in the concerned residential zone whose residences, in some in-

which it is located, or in adjoining zones, unless restrictions on location, size, extent, and character of performance are imposed in addition to those imposed in the zoning regulation;". KRS 100.111(5). (Italics supplied).

"Conditional use permit" is defined in the same statute as meaning:

"Legal authorization to undertake a conditional use, issued by the administrative official pursuant to authorization by the board of adjustments, consisting of two (2) parts;

(a) A statement of the factual determination by the board of adjustments which justifies the issuance of the permit; and

(b) A statement of the specific conditions which must be met in order for the use to be permitted." See KRS 100.111 (6).

KRS 100.237 provides that the board of adjustments has the power to "hear and decide applications for conditional use permits to allow the proper integration into the community of uses which are specifically named in the zoning regulations which may be suitable only in specific locations in the zone only if certain conditions are met." (Italics supplied).

From representations made in the transcript of evidence of the proceedings before the board of adjustments, it appears that a social club can be located in any zone provided for in the Louisville plan by employment of the conditional use permit route. If that be so, as we assume it must, then the board of adjustments rather than the zoning commission or the legislative body makes the only effective determination concerning whether the particular land use at the particular location is consistent with and promotes the public health, safety or welfare in the overall zoning scheme. Hence, in the instance of a "conditional use" there is a single administrative adjudicatory proceeding subject to judicial review by express statutory provision. See KRS 100.347.

In the instance of the conditional use permit procedure, where the particular use is made permissible in any zone, the board of adjustment is required to make an ad hoc determination on a case-by-case basis of the effect of permitting the use on the public health, safety or welfare in one or more zones, and also to determine the degree of impairment upon the integrity and character of the zone in which it is located or in adjoining zones. The board is also directed and empowered to impose restrictions in addition to those imposed in the applicable zone regulation in order to relieve the degree of impairment upon the integrity and character of the affected zone and adjoining zones.

█ From the foregoing, it is our conclusion that Davis's contention that the protesting property owners in this case have no standing as persons claiming to be "injured or aggrieved by the decision of the board of adjustments," as those words are used in the judicial review section of the statute, has no merit. The repetition in the statutory scheme of the concept of an area called a zone wherein will be located a use not permitted by the regulations applicable to that area unless evidence relevant to considerations of public health, safety, morals, or welfare justifies it and conditions are imposed upon its exercise seems to us to require the conclusion that property owners within the affected zone to whom the same regulations are applicable are sufficiently interested in preserving the character and integrity of the zone so that they must be considered to possess sufficient standing to secure judicial review of the grant of a conditional use permit within the particular zone. Therefore, we hold that the protesting property owners whose residences are located within this particular affected zone

in which it sought to engage in a "conditional use," including a property owner whose residential property directly confronts the site of the proposed conditional use, are within the definition of "injured or aggrieved parties" and the circuit judge correctly so held.

The factual findings on which the board of adjustments rested its conclusion to grant the permit were: (1) The property had been used sometime in the past for a use similar to the one proposed by Davis, (2) comparable uses are located in the same general large area of the county, (3) the property is subject to flooding and not conducive to development for more permanent residential use, (4) the proposed use would not have an adverse effect on the surrounding property, (5) the property is a suitable location for the use proposed.

Although we do not subscribe to the view expressed by the circuit judge that a specific conclusionary statement that the conditional use would promote the public health, safety or welfare was a sine qua non to the grant of a permit, we are persuaded that, particularly in the instance where a conditional land use is permitted in any zone provided by the scheme upon permission of the board, the factual determinations made by the board should demonstrate that it has considered the effect of the proposed land use on the public health, safety and welfare in the zone affected, in adjoining zones and on the overall zoning scheme.

The factual determinations made by the board in this case demonstrate that the only standard applied by it was whether the applicant had demonstrated the feasibility of locating his social club on this property taking into account only his needs and the effect of such use on his immediate neighbors.

The truth is, there has been no administrative determination by any administrative body, either a zoning functionary or a. legislative body, of the effect of this particular land use at this particular location on the general public health, safety or welfare, and the integrity and character of the overall zone plan in the area affected. We, therefore, agree with the circuit judge's conclusion that the board of adjustments should reevaluate this application and make factual determinations relevant to the standards imposed by the statute.

The judgment is affirmed.

All concur.