**Steve CALLER et al., Appellants,**

v.

**Elizabeth ISON et al., Appellees.**

Court of Appeals of Kentucky.

May 3, 1974.

H. Wayne Riddle, Miller, Griffin & Marks, Lexington, for appellants.

Charles W. Arnold, Foster Ockerman, Martin, Ockerman & Brabant, Lexington, for appellees.

CATINNA, Commissioner.

The appellants applied to the City-County Planning Commission of Lexington and Fayette County for a change in zoning for a one-half-acre tract of land from professional (P–1) to neighborhood business (B–1). The subject property lay at the edge of a professional use (P–1) zone and bordered a business use (B–1) and a residential use zone (R–4). The Commission recommended that the application be denied.

The Board of Commissioners rejected this recommendation and made a factual finding "that there had been major changes of an economic, physical or social nature within the area involved which were not anticipated in the community's comprehensive plan and which have substantively altered the basic character of such area, and that the original zoning classification given to the property was inappropriate or improper."

Property owners protesting the change appealed to the Fayette Circuit Court which reversed the Board of Commissioners, holding that the Board's findings of fact were so insufficient as to usurp the court's right of review.

The findings of fact by the Board of Commissioners were nothing other than the mere parroting of the words of the statute, KRS 100.213(2). A finding which consists of nothing other than a repetition of the legal requirements as set out by a statute

fails to meet the requirements of due process, in that such finding does not contain sufficient adjudicative facts to permit a court to conduct a meaningful review of the proceeding for the purpose of determining the question of whether the action of the Commission has or has not been arbitrary.

In City of Louisville v. McDonald, Ky., 470 S.W.2d 173 (1971), we held that the requirements of the proceeding conducted, in order to meet constitutional due process, must include a hearing, the taking and weighing of offered evidence, a finding of fact based upon a consideration of the evidence, and conclusions supported by substantial evidence.

As the findings were nothing more than a restatement of the legal requirements, they were not specific enough to permit a meaningful review by the court.

The judgment is affirmed.

All concur.