CITY OF BEECHWOOD VILLAGE, Stonehenge Condominium Apartments, Inc., Kenneth Rice, Gary Callahan, and Katherine C. Pancoast, Appellants,

v.

COUNCIL OF AND CITY OF ST. MATTHEWS, Karzen Homes, Inc., and East-End Development Corporation, Appellees.

Court of Appeals of Kentucky.

May 26, 1978.

As Modified Aug. 18, 1978.

As Modified on Denial of Rehearing Aug. 18, 1978.

As Modified On Court's Own Motion Sept. 22, 1978.

Discretionary Review Denied Dec. 19, 1978.

of an economic, physical and social nature have occurred within the area involved, which were not anticipated in the comprehensive plan adopted by the city, and which have substantially altered the basic character of the area in which the subject property is located.

The area involved consists of approximately thirty acres bounded by the Henry Watterson Expressway on the east, a commercial zone off Shelbyville Road on the south, a recreation area on the west and a single family residence area on the north. The map amendment changes the zoning from an R–4 medium density residential classification to a C–2 commercial district classification applicable to eighteen acres and R–9 and R–10 apartment districts for the remainder.

The City Planning Commission conducted hearings pursuant to public notice concerning the proposed amendment. It concluded that the amendment was not in keeping with the comprehensive plan and that no major changes of an economic, physical or social nature had occurred within the area which were not anticipated in the community's comprehensive plan and which have substantially altered the basic character of the area. The Commission recommended that the amendment be denied.

KRS 100.213 provides:

Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the community's comprehensive plan, or, in the absence of such a finding, that one or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court,

(1) That the original zoning classification given to the property was inappropriate or improper.

(2) That there have been major changes of an economic, physical or social nature within the area involved which were not anticipated in the community's comprehensive plan and which have sub-

Harry K. Herren, Jr., Bradley R. Hume, Louisville, for appellants.

J. W. Jones, Irwin G. Waterman, Louisville, for appellees.

Before COOPER, LESTER and VANCE, JJ.

VANCE, Judge:

The question is the validity of an ordinance amending a zoning map. The amendment was made upon a finding by the city legislative body that major changes

stantially altered the basic character of the area.

■ Whether a proposed change is in conformity with a comprehensive plan or whether substantial changes have occurred which have altered the basic character of an area are questions of fact which must be resolved by a trial-type adjudicatory hearing. *City of Louisville v. McDonald,* Ky., 470 S.W.2d 173 (1971).

■ When a planning commission has recommended denial of a map amendment, the legislative body is empowered to review the record made before the planning commission and from the evidence make adjudicatory findings different from the findings made by the commission provided the record will support the findings. *City of Louisville v. McDonald, supra; Hayes, et al. v. City of Winchester,* Ky., 495 S.W.2d 768 (1973).

The finding of an ultimate fact, (which is usually little more than a conclusion), unaccompanied by a finding of any basic facts which support the ultimate finding often renders appellate review impossible. The reviewing court has no way to determine whether the ultimate finding was made arbitrarily if it does not have before it the facts upon which the finding was based. *Sims v. Angel,* Ky., 513 S.W.2d 176 (1974).

In *Caller v. Ison,* Ky., 508 S.W.2d 776 (1974), it was held that a mere parroting of the words of the statute was not a sufficient finding of fact in a zoning matter to justify a map amendment zoning change.

In this case the city legislative body relied largely upon the hearings conducted by the Planning Commission and to some extent upon the personal investigation conducted by various council members and their own familiarity with existing conditions as a basis for its findings.

It made a finding that because of restrictions contained in the ordinance, the zoning as amended would not be in conflict with the comprehensive plan. The facts upon which this finding was based are a complete mystery because we note from the ordinance itself that the area, which was limited to medium density residential use before the amendment, may now be used for the following uses:
(1) eating and drinking establishments
(2) general business offices
(3) barber and beauty shops
(4) package liquor stores
(5) commercial photographic studios
(6) retail automobile sales & service
(7) furniture and home furnishing establishments
(8) retail sales establishments

■ The legislative body also found that major changes of an economic, physical or social nature had occurred within the area which were not anticipated in the community's comprehensive plan and which have substantially altered the basic character of the area. This finding is a mere parroting of the language of the statute and was condemned in *Caller v. Ison, supra.* The finding does not contain a statement of what major changes have occurred, how it was determined that they were not anticipated or in what manner they have substantially altered the basic character of the area.

The trial court relied upon *Edlin v. Fiscal Court of Jefferson County, Kentucky, et al.,* Ky., 497 S.W.2d 229 (1973) for the view that the finding of the ultimate fact was sufficient if support for the finding could be found in the record. That reliance was misplaced for two reasons. First, *Caller v. Ison, supra,* was decided after the decision in *Edlin* and second, it does not appear that the sufficiency of the finding in *Edlin* was raised or decided.

The trial judge correctly decided the issue of standing of the appellants to maintain the suit.

■ The residences of some of the appellants are adjacent to the area rezoned but they do not reside in the City of St. Matthews. As to them, appellees contend there is no standing. To prevail on the issue of standing, it would be necessary for appellees to show that none of the appellants had standing to maintain the suit. At least one appellant is a resident of the City

of St. Matthews and resides in an area adjacent to the area rezoned. The Stonehenge Condominium complex is also located in St. Matthews adjacent to the area rezoned. Even though some area between the Stonehenge complex and the proposed commercial development will be devoted to a recreational area, we think these two residents have standing as being residents of the city and within the area affected by the proposed rezoning. *Davis v. Richardson,* Ky., 507 S.W.2d 446 (1974); *Hobbs v. Markey,* 398 S.W.2d 54 (1965).

Upon the authority of *Caller v. Ison, supra,* the judgment is reversed. A new judgment shall be entered to invalidate the ordinance.

All concur.