21st **CENTURY DEVELOPMENT COMPANY, LLC; Jerry Lunsford; Jane Leathers; The Frankfort–Franklin County Planning and Zoning Commission and its members: Sherron Jackson, Richard Powell, Jack Lancaster, Leroy Smith, Eddie Adams, Lloyd Lynch, Bob Mason, Lee Waterfield, William Willis, Bruce Quarles and Forrest Banta; The Franklin County Fiscal Court and its members: Judge David Hughes (Successor to Bob Arnold), Jill Robinson, Carmello Benassi, Harold Robinson, J.W. Luttrell, Jennie Smither and Howard Dawson, Appellants,**

v.

Thomas L. **WATTS, Appellee.**

No. 96–CA–03057–MR.

Court of Appeals of Kentucky.

Dec. 24, 1997.

Robert W. Kellerman Frankfort, for Appellants, 21st Century Development Co., LLC and Jerry Lunsford.

Steven G. Bolton, Frankfort, for Appellee.

Before BUCKINGHAM, GARDNER and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge.

This is a planning and zoning case involving a map amendment to the zoning ordinance. A neighbor objected to the amendment request and appealed the planning commission's and fiscal court's approval to the circuit court, which held the amendment was improperly granted, and voided the amendment. This case involves the interpretation and function of the comprehensive plan on a request for a zoning map amendment.

21st Century Development Company, LLC (developer) filed a request for a zoning map amendment with the Frankfort–Franklin County Planning and Zoning Commission (planning commission), seeking a change from a low density rural residential (RR) to a much higher density single family residential (RS) on a 21–acre parcel. The planning commission conducted a public hearing on the requested zone change. The appellee, Thomas L. Watts, is a neighboring property owner who appeared at the public hearing in opposition to the proposed zone change. The planning commission staff, Mr. Watts, and other interested parties testified concerning the negative impact of a more intense residential use of the property on traffic and drainage patterns in the neighborhood. The principal access to the proposed development was to be by way of Cardwell Lane which was described as a "rural minor collector" some sixteen (16) feet in width. The only other access was through a local narrow residential street. The staff estimated the proposed development would generate a total of 850 additional vehicle trips per day, which was a concern to the staff, considering the present width of Cardwell Lane. The chair of the planning commission ruled that these factors could not be considered in the planning commission's deliberations and that the commission was limited to considering solely whether or not the proposal was in conformance with the comprehensive plan, which it was.

Finding that the proposed plan map amendment was in accordance with the comprehensive plan, the request was approved and the matter sent to the Franklin Fiscal Court, as the property was located in an unincorporated part of the county. The fiscal court voted in favor of the proposed zone map amendment, and the appellee appealed to the circuit court, which ruled the planning commission erred in not considering the impact of the requested zoning change on traffic, drainage, and the like, and voided the ordinance adopting the zoning map amendment.

■ On appeal, appellants argue that the court erred in ruling that the planning commission chairman "[i]ncorrectly ruled that the comments about drainage patterns and traffic conditions made by petitioners like Mr. Watts were irrelevant to the Commissions [sic] deliberations on the zoning map amendment." We believe the trial court was correct in its ruling that, as a matter of law, the planning commission should have considered the testimony of the staff and other qualified individuals at the public hearing concerning traffic, drainage, and other problems that could occur if the requested zone map amendment were to be approved. Stated another way, the planning commission erred in excluding relevant evidence from its consideration when it narrowed its decision to depending solely on whether or not the requested zoning map amendment was in accordance with the recommended land use element of the comprehensive plan.

In *Kaelin v. City of Louisville*, Ky., 643 S.W.2d 590 (1982), our Supreme Court labeled zoning change requests as trial-type hearings for the purpose of determining the adjudicative facts necessary to decide whether or not to grant the zone change. As such, the taking and weighing of evidence is necessary with "[a] finding of fact based upon an evaluation of the evidence and conclusions supported by substantial evidence." *Id.* at 591.

■ KRS 100.213 provides that before a zone change request is granted (map amendment), the planning commission or respective legislative body must find either that the proposal is in agreement with the comprehensive plan or that the existing classification is inappropriate and that the proposed zoning classification is appropriate; or that there have been major changes of an economic, physical, or social nature in the area which were not anticipated in their current comprehensive plan and which substantially alter the character of the area. KRS 100.197 requires continuing review and updates of the comprehensive plan. In the scheme of planning and zoning, our society is constantly changing, which requires the continuing review and updates to our comprehensive plans. We agree with the circuit court that a planning commission does not have to rezone solely because a request is in accordance with a comprehensive plan or its recommended land use element.

■ A comprehensive plan, by nature, speaks to future development, even though it takes into consideration the current land uses. The comprehensive plan contains numerous studies and elements, KRS 100.187, and can include a current land–use plan or map which the legislative body can zone appropriately. KRS 100.201, 100.203. The comprehensive plan, however, looks beyond current uses, to the future, and is constantly undergoing review. KRS 100.197. Zoning changes are allowed if they are in accordance with the comprehensive plan, KRS 100.213, or if the plan is out of touch with reality, KRS 100.213(1)(a) & (b), and there is a compelling need for the proposed change. *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971) and KRS 100.213. Even if the property or use is exempt from zoning under the "agricultural supremacy clause" of KRS 100.203(4) or KRS 413.072(2), or the use is exempt through case law, (*City of Louisville Board of Zoning Adjustment v. Gailor*, Ky. App., 920 S.W.2d 887 (1996) and *City of Ladue v. Gilleo*, 512 U.S. 43, 114 S.Ct. 2038, 129 L.Ed.2d 36 (1994)), the comprehensive plan must still consider future changes and make recommendations. Sometimes, as in the case of governmental units, even though they may be exempted from following zoning requirements, they still have to submit their proposals to the local planning commission for its review and recommendations. *See*

KRS 100.361(2) and *City of Louisville Board of Zoning Adjustment v. Gailor, supra.*

Returning to the developer's requests for a zoning map amendment, we agree with the circuit court that the planning commission needs to take a closer look at the comprehensive plan, its elements, and its recommendations for future development. The planning commission needs to review the entire plan to see what the plan recommends as far as improvements, if any, to Cardwell Lane, the sewer system, drainage, and the like, and their respective time tables. After the planning commission addresses the staff concerns and those of the general public at the hearing, it will be in a position to make findings which would allow the current rezoning, or delay the rezoning until other developments take place—which is really a plan for *future* development. Since the planning commission did not consider the entire plan, which it must as a matter of law, the matter must be *remanded* to the planning commission for consideration of the excluded evidence, as well as the complete comprehensive plan, not just the recommended land use element.

█ Appellants also argue that Watts does not have standing to challenge the zone change. We disagree. The uncontroverted evidence shows that he was a neighbor. Prior to the 1966 enactment of KRS 100.347, Kentucky courts recognized that zoning issues affected more than just the adjacent property owner or those in the same neighborhood. In *Fritts v. City of Ashland,* Ky., 348 S.W.2d 712, 714 (1961), our highest Court recognized the precedent that:

[a] zoning change on the value of neighboring property is only one factor to be considered, and the purpose of zoning is not to protect the value of the property of particular individuals but rather to promote the welfare of the community as a whole. *The entire community is damaged by haphazard zoning because it causes insecurity of property values throughout the city.* So the mere fact that the particular complaining parties may not suffer a decrease in the value of their property will not redeem a zoning change that is not related to proper zoning objects. (Emphasis added.)

In 1966, our General Assembly enacted Chapter 100 of the Kentucky Revised Statutes, which is our modern day planning and zoning enabling act. KRS 100.347(2) provides in pertinent part:

[a]ny person or entity claiming to be injured or aggrieved by any final action of the planning commission shall appeal from the final action to the Circuit Court of the county in which the property, which is the subject of the commission's actions, lies.... (Emphasis added.)

Even after the enactment of KRS 100.347, which confers standing on "[a]ny person ... claiming to be injured or aggrieved ...", our highest Court has been reluctant to limit or narrow those qualified for standing. In *City of Beechwood Village v. Council of and City of St. Matthews,* Ky.App., 574 S.W.2d 322 (1978), the Court was confronted with a suit by non-residents of the City of St. Matthews. Without denying standing to non-residents, the Court found standing because at least one of the appellants *lived* in the city and another *owned* property within the city limits.

To prevail on the issue of standing, it would be necessary for appellees to show that none of the appellants had standing to maintain the suit. At least one appellant is a resident of the City of St. Matthews and resides in an area adjacent to the area rezoned. The Stonehenge Condominium complex is also located in St. Matthews adjacent to the area rezoned. Even though some area between the Stonehenge complex and the proposed commercial development will be devoted to a recreational area, we think these two residents have standing as being residents of the city and within the area affected by the proposed rezoning. *Davis v. Richardson,* Ky., 507 S.W.2d 446 (1974); *Hobbs v. Markey,* Ky., 398 S.W.2d 54 (1965).

*Id.* at 324 and 325.

For the foregoing reasons, that part of the Franklin Circuit Court judgment which held the planning commission erred as a matter of law is affirmed and that part of the Franklin Circuit Court judgment which voided the fiscal court's ordinance is vacated with directions to remand to the planning commis-

sion for proceedings consistent with this opinion.

All concur.