29 S.W.3d 370 (1999)
Roger F. HOUGHAM and Virginia M. Hougham, Appellants,
v.
LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT; Lexington-Fayette Urban County Council Teresa Ann Isaac, Member of Lexington-Fayette Urban County Council Charles E. Ellinger, D.D.S., Member of Lexington-Fayette Urban County Council; David B. Stevens, M.D., Member of Lexington-Fayette Urban County Council; George A. Brown, Jr., Member of Lexington-Fayette Urban County Council; Robert R. Jefferson, Member of Lexington-Fayette Urban County Council; Dick Decamp, Member of Lexington-Fayette Urban County Council; Isabel Yates, Member of Lexington-Fayette Urban County Council; Bill Farmer, Member of Lexington-Fayette Urban County Council; Albert S. Mitchell, Member of Lexington-Fayette Urban County Council; Willy Fogle, Member of Lexington-Fayette Urban County Council; Fred V. Brown, Member of Lexington-Fayette Urban County Council; Jennifer Mossotti, Member of Lexington-Fayette Urban County Council; Sandy Shafer, Member of Lexington-Fayette Urban County Council; Richard P. Moloney, Member of Lexington-Fayette Urban County Council; Gloria Martin, Member of Lexington-Fayette Urban County Council; Pam Miller, Mayor of Lexington-Fayette Urban County Government; Walter W. May, Chairman, Lexington-Fayette Urban County Planning Commission; Eugene Ballentine, Member of Lexington-Fayette Urban County Planning Commission; Dr. Thomas M. Cooper, Member of Lexington-Fayette Urban County Planning Commission; Sarah Gregg, Member of Lexington-Fayette Urban County Planning Commission; Dallam B. Harper, Jr., Member of Lexington-Fayette Urban County Planning Commission; Robert D. Kelly, Member of Lexington-Fayette Urban County Planning Commission; George L. Logan, Member of Lexington-Fayette Urban County Planning Commission; Rose M. Lucas, Member of Lexington-Fayette Urban County Planning Commission; Dwight Price, Member of Lexington-Fayette Urban County Planning Commission; Don Robinson, Member of Lexington-Fayette Urban County Planning Commission; Leslie Patterson Vose, Member of Lexington-Fayette Urban County Planning Commission; and Lexington-Fayette Urban County Planning Commission, Appellees.
No. 1998-CA-002213-MR.
Court of Appeals of Kentucky.
December 23, 1999.
As Modified January 14, 2000.
Case Ordered Published by Supreme Court October 19, 2000.
Discretionary Review Denied by Supreme Court October 19, 2000.
*371 Foster Ockerman, Lexington, KY, for Appellants.
Christine N. Westover, Lexington, KY, for Appellees.
Before COMBS, EMBERTON and GUIDUGLI, Judges.

OPINION
GUIDUGLI, Judge.
Appellants, Roger F. Hougham and Virginia M. Hougham (the Houghams), appeal an opinion and order entered by the Fayette Circuit Court which sustained the decision of the Lexington-Fayette Urban County Council (LFUCC) to deny the appellants' requested zone change. LFUCC denied the request despite the fact that the requested zone change was in compliance with the comprehensive plan and recommended for approval by the Urban County Planning Commission (the Planning Commission). Appellants contend that the Council's action was both arbitrary and a denial of due process. Having thoroughly reviewed the facts, the record, the applicable statutory and case law, and the arguments of the parties, we affirm.
Appellants filed a zone change application in hopes of rezoning their approximately forty (40) acre farm located in Fayette County from the existing agricultural urban (AU) zone to a light industrial (I-1) zone. The property is located on Viley Road across from Calumet Farm and across New Circle Road from established and developing single family residential subdivisions. The farm also adjoins the Enterprise Individual Park which had been rezoned to I-1 in 1985, and the "Little" property which was rezoned as I-1 in 1991. The Enterprise Industrial Park is still being developed but the "Little" property remains undeveloped and is still being used for agricultural purposes.
*372 The first hearing on the zone change application occurred on October 24, 1996, before the Planning Commission. This hearing was continued until December 12, 1996, when the Commission voted 7-3 to recommend approval of the zone change request to LFUCC. The Planning Commission found the I-1 use requested to be in agreement with the land use element of the comprehensive plan. The Planning Commission also recommended several conditional zoning restrictions to address concerns relating to the impact the zoning change might have on surrounding properties. Specifically, the Planning Commission was concerned with traffic flow and run-off water problems.
At the LFUCC hearing on March 6, 1997, appellants called no witnesses nor did they cross-examine any of the opponents who testified. Instead, they relied upon the fact that the Planning Commission had recommended the zone change, that the zone change conformed to the comprehensive plan, that other land adjacent to the property had been rezoned I-1, that there is a need for more manufacturing jobs in Fayette County, and that economic growth would be beneficial to the County. Opponents to the zone change then presented their evidence and testimony. They argued that the land was still valuable for agricultural use, that there was already an excess of I-1 property, traffic concerns, water run-off problems, and that adjacent horse farms would be adversely affected. After testimony and arguments were presented by parties for and against the zone change, the Council voted 9-5 to override the Planning Commission's recommendation and deny the zone change request. The LFUCC denial was based upon findings of fact which the Council adopted.
Appellants appealed LFUCC's denial to the Fayette Circuit Court. There appellants argued the decision to deny the zone change was arbitrary in that it lacked substantive competent evidence and that it violated due process requirements based on alleged ex-parte communications by at least two (2) of the council members who voted against the change. The trial court upheld the Council's decision, and this appeal followed.
Kentucky Revised Statutes (KRS) Chapter 100 addresses issues of planning and zoning. Specifically, KRS 100.213(1) establishes what findings are necessary before a proposed map amendment may be reconsidered:
Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the adopted comprehensive plan, or, in the absence of such a finding, that one (1) or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court.
(a) That the existing zoning classification given to the property is inappropriate and that the proposed zoning classification is appropriate;
(b) That there have been major changes of an economic, physical, or social nature within the area involved which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area.
In the case before us, all parties agree that the requested zone change is in agreement with the adopted comprehensive plan. This was one of the main factors relied on by the Planning Commission in recommending the change.
However, just because the zone change request complies with the comprehensive plan or meets the criteria set forth in KRS 100.213(1)(a) or (b), does not mean the zone request must be granted. The fiscal court still has discretion in reviewing and determining each zone change application. The governing body is given authority to decide each application on its own merits and its impact on the community. There *373 is no specific, magic formula which is applied to the determination of each zone change request. The administrative body must comply with all statutory requirements set forth in KRS Chapter 100 as to notice, hearing, findings of fact, etc. If it has followed all the statutory requirements, it can make its decision to grant or deny the zone change request. Making these decisions is the function of appointed and/or elected officials. Their responsibilities include looking at the "big picture" and making the "tough decisions."
On appeal, the decision is not subject to de novo review. Rather, judicial review of an administrative action is concerned with the question of arbitrariness. American Beauty Homes Corp. v.. Louisville, etc., Ky., 379 S.W.2d 450 (1964), sets forth three (3) areas to consider in determining arbitrariness: (1) did the administrative agency act within its statutory powers; (2) was due process afforded; and (3) was the decision reached supported by substantial evidence. A close review of the record in this case clearly shows that the decision of the LFUCC was not arbitrary and that all three of the above-mentioned considerations were fully complied with. First, LFUCC is the statutory agency to make this decision, and no one contends it exceeded its statutory powers. Second, due process was afforded appellants at every level. Appellants do not argue that they were denied notice, a hearing, sufficient opportunity to present their case, cross-examine the opponents, and opportunity to rebut the opponents' arguments and findings of fact. Third, the decision was based upon substantial evidence.
Appellants' main contention is that LFUCC must approve the zone change since it comports to the comprehensive plan. However, this Court in 21st Century Development Co., LLC v. Watts, Ky.App., 958 S.W.2d 25 (1997), specifically dealt with this issue when it stated:
KRS 100.213 provides that before a zone change request is granted (map amendment), the planning commission or respective legislative body must find either that the proposal is in agreement with the comprehensive plan or that the existing classification is inappropriate and that the proposed zoning classification is appropriate; or that there have been major changes of an economic, physical, or social nature in the area which were not anticipated in their current comprehensive plan and which substantially alter the character of the area. KRS 100.197 requires continuing review and updates of the comprehensive plan. In the scheme of planning and zoning, our society is constantly changing, which requires the continuing review and updates to our comprehensive plans. We agree with the circuit court that a planning commission does not have to rezone solely because a request is in accordance with a comprehensive plan or its recommended land use element.

Id. at 27 (emphasis added). In addition, the findings of fact rendered by LFUCC set forth seven (7) specific reasons for denying the zone change. A review of these findings clearly shows that the Council's decision was based upon substantial evidence.
Appellants also contend that two (2) council members engaged in ex parte conduct and therefore, they should not have participated in the hearing and/or voting process. Appellants claim these contacts "tainted" the entire proceedings and mandate that the two council members disqualify themselves. Basically, the conduct alleged involved council members attending neighborhood meetings at which the proposed zone change was discussed, requesting information from city staff concerning the site in question, and receiving letters from opponents of the zone change. The trial court found that there were no Kentucky cases dealing specifically with the issue of ex parte contacts by a legislative body acting in an adjudicatory capacity. Nor have appellants cited the Court to any such Kentucky case. The case argued *374 by appellants talks in terms of "improper" ex parte contact where the decision reached is "so tainted as to make it unfair either to the innocent party or to the public interest. . . ." Louisville Gas & Electric v. Commonwealth, Ky.App., 862 S.W.2d 897, 901 (1993). In addressing this issue, the trial court stated:
[t]he members of the Council are elected officials and cannot isolate themselves from the people they represent. There is no evidence in the record that any Council members made improper statements or promises in their dealings with constituents. There is no indication that the contacts at issue tainted the decision making process so as to make it unfair to the parties or contrary to the public interest. The facts of this case clearly do not reach the level of ex parte contacts which would require the Council's decision be voided."
The court further found despite the alleged improper conduct, the appellants had been afforded all due process protections. We agree with the trial court that members of council do not live in a vacuum nor are they required to. They are elected officials who represent the community and will be subjected from time to time to contact from constituents concerning issues, upon which they must ultimately decide. The mere fact that they are exposed to various information from competing groups does not make it impossible for them to serve and vote. Mere contact with neighborhood groups, letters from constituents, information gathered from staff, etc. does not, by itself, constitute "improper ex parte contact." If this were the case, seldom could an elected official make an informed decision without being accused of improper ex parte conduct.
For the foregoing reasons, we affirm the opinion and order of the Fayette Circuit Court which sustained LFUCC's decision to deny the requested zone change.
EMBERTON, J., concurs.
COMBS, J., concurs by Separate Opinion.
COMBS, Judge, concurring:
The fact that the LFUCG wholly disregarded the recommendation of the Planning Commission, coupled with the allegations of improper ex parte contacts with LFUCG council members, creates in my mind a perception of impropriety sufficient to question whether the due process requirement of American Beauty, supra, was met. Since Kentucky law is silent on what ex parte contacts are permissible as to a legislative body acting in a quasi-judicial capacity, we have no standard by which to evaluate the conduct alleged to have been improper in this case. Substantial evidence appears to have supported the final vote of the council. However, a question is forever raised and misgivings inevitably linger as to the propriety of the process in this case.