Kathy COOK and Rosalie
Cooper, Appellants,

v.

ENVIRONMENTAL AND PUBLIC
PROTECTION CABINET, Formerly
Natural Resources and Environmental Protection Cabinet; and Nugent
Sand Company, Appellees.

No. 2005–CA–000705–MR.

Court of Appeals of Kentucky.

Nov. 3, 2006.

Thomas J. FitzGerald, Frankfort, KY, for appellants.

S. Bradford Smock, Frankfort, KY, for appellee Environmental and Public Protection Cabinet.

George L. Seay, Jr., Lesly A.R. Davis, Lexington, KY, for appellee Nugent Sand Company.

Before ABRAMSON and VANMETER, Judges; KNOPF,[1] Senior Judge.

## OPINION

VANMETER, Judge.

Kathy Cook and Rosalie Cooper appeal from the Franklin Circuit Court's order affirming the Natural Resources and Environmental Protection Cabinet[2] Secretary's order suspending Nugent Sand Company's mining permit and amended permit for failing to adequately address several statutory and regulatory requirements in its applications. Appellants argue that the secretary did not have the authority to suspend Nugent's permits, that the permits were *void ab initio*, and that the secretary erred by failing to articulate why he chose to suspend, rather than revoke, the permits. For the following reasons, we affirm.

The Cabinet issued a non-coal mining permit to Nugent in April 2001 and thereafter issued an amended permit in October 2001 (collectively referred to as the "permits"). Pursuant to a challenge of the permits by Cook and Cooper, who live near the area addressed by the permits, a three-day formal hearing was conducted. The hearing officer issued a report and recommended order concluding that the Cabinet's decisions to issue the permit and amendment were based on applications which were incomplete and failed to adequately address a number of regulatory and statutory requirements. Hence, it is recommended that the Cabinet's decisions be reversed and this matter be remanded to the Non–Coal Review Branch for proceedings consistent with this report and recommendation.

Thereafter, the secretary adopted the hearing officer's report except to the extent that, in the secretary's words, the report recommended that the permits be "revoked." Instead, the secretary ordered that the permits be suspended "until such time as all applicable statutory and regulatory criteria are fully satisfied[.]"

Appellants subsequently challenged the secretary's order in the Franklin Circuit Court, which granted Nugent's motion for summary judgment and affirmed the order. This appeal followed.

■ KRS 350.050(6) gives the Cabinet, under the supervision of its secretary, the authority:

> To order, through personnel of the cabinet, the suspension of any permit for failure to comply with any of the provisions of this chapter or any regulations adopted pursuant thereto[.]

Appellants argue that this statute does not authorize the secretary to suspend a mining permit which was issued in violation of statutory and regulatory criteria. Instead, they contend that the secretary's suspension authority extends only to "instances where the *permittee* holding an issued per-

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

2. Now Environmental and Public Protection Cabinet.

mit fails to comply with state law and regulation, *not* where the Cabinet itself has violated the applicable law in *issuing* the permit." We disagree.

■ First, we note that the Cabinet issued the permits incorrectly because Nugent failed to comply with the applicable regulations. Second, contrary to appellants' assertion, we do not believe that KRS 350.050(6) is ambiguous. Rather, it clearly states that the Cabinet may suspend *any* permit. The words "through personnel of the cabinet" simply indicate that in suspending permits the Cabinet need not act solely through the secretary but may act through other Cabinet personnel. *See* 2 Am.Jur.2d *Administrative Law* § 65 (statutes often express the persons in whom the powers of the agency are directly vested). Third, even if there is any ambiguity, that ambiguity is resolved by certain duly-promulgated administrative regulations which have the force and effect of law if consistent with the enabling legislation. *Centre College v. Trzop*, 127 S.W.3d 562, 566 (Ky.2003). Specifically, 405 KAR 5:095, § 1(11)(b)4, the promulgation of which is not challenged here, provides that a hearing officer may recommend a finding

> that a permit was issued in violation of applicable statutory and regulatory criteria, and may recommend suspension or revocation of the permit and may further recommend remedial or compliance actions to be taken by the mineral permittee.

Further, as the secretary may either remand the matter to the hearing officer, adopt the report and recommended order of the hearing officer, or issue his own final order, 405 KAR 5:095, § 1(14), the secretary here had the authority to suspend or revoke Nugent's permits based on his finding that Nugent's permits were issued based on incomplete applications which failed to adequately address a number of regulatory and statutory requirements.[3]

Next, appellants argue that even if the secretary had the power to suspend Nugent's permits, his decision to do so was arbitrary and capricious because he did not "provide a reasoned basis" for suspending, rather than revoking, the permits. We disagree.

■ When reviewing an administrative decision for arbitrariness, a court must consider three questions: "(1) did the administrative agency act within its statutory powers; (2) was due process afforded; and (3) was the decision reached supported by substantial evidence." *Hougham v. Lexington–Fayette Urban County Government*, 29 S.W.3d 370, 373 (Ky.App.1999).

■ Having considered these issues, we do not believe that the secretary's decision was arbitrary. First, the secretary had the authority to suspend Nugent's permits, as discussed above. Further, while 405 KAR 5:095, § 1(13) requires the hearing officer's recommendation to "contain the appropriate findings of fact and conclusions of law[,]" no criteria are set out for determining whether to revoke or suspend a permit under 405 KAR 5:095, § 1(11)(b)4. Second, while appellants may not have been informed of the initial permit application, they subsequently participated fully in the three-day formal hearing and the proceedings that followed. *See Hougham*, 29 S.W.3d at 373 (appellants afforded due process as they did "not argue that they were denied notice, a hearing, sufficient opportunity to present their

---

3. Our holding on this issue renders moot the appellants' argument that since the secretary did not have the authority to suspend Nugent's permits, they were instead *void ab initio*.

case, cross-examine the opponents, and opportunity to rebut the opponents' arguments and findings of fact"). Third, the secretary's finding that Nugent's applications were deficient is supported by the hearing officer's thorough 36–page report, only two pages of which dealt with the conclusions of law which the secretary decided to forego. Simply put, once the secretary found that Nugent's permits were "issued in violation of applicable statutory and regulatory criteria," it was his choice whether to suspend or revoke the permits. 405 KAR 5:095, § 1(11)(b)4.

While appellants are very nearly challenging the relevant statutes and regulations insofar as they provide no standards for when to suspend and when to revoke permits, we need not address that issue because it has not been expressly raised.

The Franklin Circuit Court's order is affirmed.

ALL CONCUR.