CITY OF LOUISVILLE et al., Appellants,

v.

James E. KAVANAUGH et al., Appellees.

Court of Appeals of Kentucky.

May 4, 1973.

Rehearing Denied June 29, 1973.

Herbert VanArsdale, II, Assistant Director of Law, Louisville, for appellants.

William W. Lawrence, Louisville, for appellees.

REED, Justice.

In this zoning case the legislative body (Board of Aldermen) of the City of Louisville refused to rezone a parcel of real property from single family residential use to a zoning category that permitted multifamily or apartment use. When the applicants for the zone change, who are owners of the subject property, sought judicial review of the refusal, the judge of the circuit court declared the legislative body's action to be arbitrary and directed that the property be rezoned for the multifamily residential use category recommended by the Planning and Zoning Commission. The city legislative body thereupon appealed from the circuit court's decision and seeks reversal.

Although the applicant property owners moved us to dismiss the appeal for a claimed inexcusable failure of the appellants to comply with our time rules for the filing of briefs, we declined to dismiss the appeal. The appellees later sought a reconsideration of this ruling. In view of our disposition of the appeal on its merits and the lack of timelessness in seeking the requested reconsideration, we adhere to our former decision not to dismiss the appeal. Based upon our consideration of the record, we have decided to direct a modification of the circuit court's judgment and affirm the disposition made by the circuit judge as modified.

The appellees, H. Bemis Lawrence and his wife, Mildred, Gaines P. Wilson, Jr., and his wife, Louise, and Ben J. Ritchey, Jr., and his wife, Marjorie, are the owners of a parcel of real estate in Louisville, Kentucky, located contiguous and adjacent to the Watterson Expressway near its intersection with Newburg Road. This busy intersection is the site of heavy automobile traffic.

The subject property is directly across the Watterson Expressway from the Com-

mercial Watterson City Complex, which contains highway service use zoning, high-rise apartment use zoning, a 16-story office building, a 10-story apartment building, a Holiday Inn motel, a 4-story research building and a number of other commercial establishments. The appellees' property had for some time been zoned R-5, residential. This category permits only single family dwelling use. In April 1970, the Louisville and Jefferson County Planning Commission and the Board of Aldermen of the City of Louisville adopted a comprehensive land use plan for development of property in the community as required by the provisions of Chapter 100 of the Kentucky Revised Statutes. According to this comprehensive plan, the property of the appellees was designated for development for multifamily apartment use and a zoning category called R-6 was recommended for the subject property in the plan. Another zoning category under which apartment use is permitted is called R-7. Under category R-7, less restrictions are provided and high density multifamily use is permissible. Under the R-6 category there are specific restrictive provisions that control size of buildings and density of occupancy. It appears, therefore, that R-6 is the most restrictive category under the zoning scheme applicable to multifamily residential use.

In July 1971, appellees applied to the planning commission to change the zoning of their property from R-5 to R-7. The commission held a hearing, took evidence and made findings. The commission found that the proposed change sought by appellees was not in agreement with the comprehensive plan but that an R-6 apartment classification was appropriate. The planning commission recommended to the appellant city legislative body that the zoning classification of the property of appellees be changed from R-5, single family residential, to the R-6 classification, on a condition "for provision of drainage satisfactory to the city engineers." The specific language of the planning commission's rec-

ommendation was: ". . . does hereby recommend to the Board of Aldermen of the City of Louisville that the proposed amendment of the zoning district map of Jefferson County, Kentucky, from R-5, Residential, to R-7, Apartment, on the following described property be DENIED but that this property be given an R-6 apartment classification, on condition for provision of drainage satisfactory to the city engineers." The city legislative body held a public hearing on the recommendation. Although it purported to follow the recommendation of the planning and zoning commission, the legislative body refused to effect any change in the zoning classification assigned to the appellees' property.

The appellees thereupon instituted action in the circuit court for judicial review of this disposition. During the pendency of this judicial proceeding, appellees on several occasions unsuccessfully sought approval by the legislative body of R-6 zoning in accordance with the recommendation of the planning commission and in conformity with the comprehensive land use plan. The circuit court judge declared that the action of the legislative body in refusing to grant and effect an R-6 zoning category was arbitrary. He directed the legislative body to effect the change to R-6 without qualification. Upon this appeal, the city legislative body argues that the circuit judge was without authority to grant summary judgment in view of the record presented; that the legislative body was properly acting within its power in refusing to effect the zone change and was merely acting in accordance with the recommendation of the planning commission so far as the zoning category applied for was concerned; and that the circuit court was without authority to effect de novo zoning of the property since we have declared that such action is not a judicial function.

█ The circuit court recited the grant of a summary judgment but we are not impressed with the argument of appellants

that they were prejudiced because there were genuine issues of material fact to be tried. Actually, the circuit court was confined to the record made before the planning commission and before the legislative body.[1] Therefore, the issue for decision was simply whether the action of the legislative body was arbitrary in light of the record before it when its disposition was made.

Both appellants and appellees rely upon our decision in City of Louisville v. McDonald, Ky., 470 S.W.2d 173 (1971). The appellants point to our statement in that opinion that a judicial decision to make a de novo determination that particular property should be rezoned in a particular classification is impermissible. The appellees rely upon the expression in the same opinion that where the adjudicative facts found by the planning commission do not support a decision of the legislative body when it acts without an additional hearing, the affected party has received arbitrary treatment.

We do not consider the action of the circuit judge in this case to constitute a de novo determination that the subject property should be rezoned in a particular classification recommended by the zoning commission. In this case the problem is whether the legislative body's decision, which was a refusal to rezone, was arbitrary and, if it was, what disposition should be made by the circuit court. In McDonald we said, "But when the legislative decision is simply a refusal to rezone, the problem becomes whether or not the evidence shows a compelling need for the rezoning sought or clearly demonstrates that the existing zoning classification is no longer appropriate." The record before the planning commission and the legislative body conclusively demonstrated that the existing zoning classification was not appropriate. It had been found that the R-5 zoning classification was inappropriate

from a planning standpoint by the adoption of the comprehensive land use plan. The recommendation of the planning commission was to bring the zoning category in conformity with the previous finding made in the plan. In Ward v. Knippenberg, Ky., 416 S.W.2d 746 (1967), we held that a comprehensive land use plan is a guide rather than a strait jacket. Nevertheless, such a plan, if it has any reason for existence, must be regarded as a basic scheme generally outlining planning and zoning objectives in an extensive area.

In Fallon v. Baker, Ky., 455 S.W.2d 572 (1970), we invalidated a zone change effected by a planning commission and a legislative body which was supported by no evidence and which was contrary to a comprehensive land use plan which had been adopted a relatively short time before the attempted zone change. It seems to us, therefore, that, based exclusively upon the testimony and record made before the planning commission and the legislative body, it is established without doubt that the R-5 zoning classification is no longer appropriate.

If there is some question concerning the possible assignment of a zoning category other than R-6 that would entail administrative or legislative discretion, we would have to characterize the action of the circuit judge in directing assignment of the R-6 category as erroneous, but in this instance we are not presented with that situation. The comprehensive land use plan designates R-6, the planning commission recommended R-6, the legislative body developed no evidence to refute the evidence relied upon by the planning commission and no evidence was adduced before either the planning commission or the legislative body that a category for use other than that designated by the comprehensive land use plan might be more appropriate and that the plan should be amended. The owners of the affected property manifested

1. No claim of fraud or misconduct by some person engaged in the administration of the zoning laws was presented as in City of Louisville v. McDonald, Ky., 470 S.W. 2d 173 (1971).

their desire to accept the plan's provision as to land use.

Thus, the circuit judge made no de novo determination between possible alternative zoning classifications. He merely pronounced the result that the record before the planning body and the legislative body required.

■ The planning commission, however, attached a condition that drainage satisfactory to the city engineer be provided. No question is made of the propriety of that finding. We think the circuit judge was without authority to ignore it. Therefore, the judgment should be amended so that the legislative body is directed to effect assignment of an R-6 classification to the subject property on condition that provision for drainage satisfactory to the city engineer be effected.

The judgment of the circuit court as modified herein is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED and STEPHENSON, JJ., sitting.

All concur.