ROGERS GROUP, INC., and Holloway & Son Construction Co., Inc., Appellants,

v.

Gary MASTERSON; Roszelle Moore; Ann Wilson; Gene Snawder; Clara Toles; Dan Gibson; June Fields; Concerned Citizens United, Inc.; City of West Point; West Point City Council; West Point Planning & Zoning Commission; West Point Board of Zoning Adjustments; and Hardin Circuit Court, Hon. T. Steven Bland, Judge, Appellees.

City of West Point; West Point City Council; West Point Planning & Zoning Commission; and West Point Board of Adjustments, Appellants,

v.

Gary Masterson; Roszelle Moore; Ann Wilson; Gene Snawder; Clara Toles; Dan Gibson; June Fields; Concerned Citizens United Inc.; Rogers Group, Inc.; Holloway & Son Construction, Inc.; and Hardin Circuit Court, Hon. T. Steven Bland, Judge, Appellees.

Nos. 2004–CA–000341–MR, 2004–CA–000483–MR.

Court of Appeals of Kentucky.

April 29, 2005.

Discretionary Review Denied by Supreme Court Nov. 16, 2005.

David Pike, F. Keith Brown, Shepherds-ville, KY for appellants, Rogers Group, Inc. and Holloway and Son Construction Co., Inc.

Thomas E. Cooper, Elizabethtown, KY, for appellants, City of West Point, West Point City Council, West Point Planning & Zoning Commission, and West Point Board of Adjustments.

W. Henry Graddy, IV, Midway, KY, for appellees, Gary Masterson, Roszelle Moore, Ann Wilson, Gene Snawder, Clara Toles, Dan Gibson, June Fields, Concerned Citizens United, Inc., Rogers Group, Inc., Holloway & Son Construction, Inc., and Hardin Circuit Court, Hon. T. Steven Bland, Judge.

Before BARBER and VANMETER, Judges; and HUDDLESTON, Senior Judge.[1]

## OPINION

BARBER, Judge.

The Hardin Circuit Court determined that a previous judgment entered by another judge of that circuit was void; being violative of the prohibition against illegal judicial rezoning, thus, it set aside the judgment. We affirm.

This litigation has a long history. The story began when the Fort Knox Military Reservation deeded some surplus land to the City of West Point. The City of West Point then transferred the land to a private owner and reserved for itself 17 acres of land to be deeded to the City of West Point in the future. The land was then conveyed to Holloway & Son Construction Co., Inc. (Holloway). In 1996 Rogers Group, Inc. (Rogers), a multi-state rock quarry company, became interested in the land because of a supposedly marketable seam of limestone located on the property. In February 1997 Rogers and Holloway filed for a conditional use permit to mine the limestone.

---

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Apparently the application process for the conditional use permit broke down and Rogers and Holloway filed a declaratory judgment action in Hardin Circuit Court challenging the constitutionality of the City of West Point's zoning system. Circuit Case Number 97–CI–00904 was filed by Rogers and Holloway against the City of West Point, West Point City Council, West Point Planning & Zoning Commission, and West Point Board of Zoning Adjustments—the same parties as the appellees in Case No. 2004–CA–000341–MR and the appellants in Case No. 2004–CA–000483–MR (hereafter collectively referred to as West Point). West Point counterclaimed against Rogers and Holloway for the 17 acres it alleges is reserved in the deed.

The case progressed and a trial by deposition was conducted, but before the court issued a decision the parties reached an agreement to settle the case and presented that settlement to the court in the form of an agreed judgment. The court entered the judgment as its own on June 15, 1999.

On June 25, 1999 Gary Masterson, Roszelle Moore, Ann Wilson, Gene Snawder, Clara Toles, Dan Gibson, June Fields, and Concerned Citizens United, Inc. (collectively referred to as Concerned Citizens) filed a motion to intervene as parties in 97–CI–00904. The court denied the motion generating the first appeal to this Court. This Court upheld the circuit court's ruling and the Kentucky Supreme Court denied discretionary review.

Concerned Citizens continued to pursue having the judgment in 97–CI–00904 invalidated by filing a separate lawsuit (Circuit Case Number 99–CI–01242) against West Point charging that there were violations of the Open Meetings Act in its vote to approve the settlement reached in 97–CI–00904. The Hardin Circuit Court dismissed the action generating a second ap-

peal to this Court. Again this Court upheld the circuit court's ruling and the Kentucky Supreme Court denied discretionary review.

Five months after the Supreme Court denied discretionary review in 97–CI–00904 and four months after discretionary review was denied in 99–CI–01242, Concerned Citizens instituted an independent action. That action, filed pursuant to CR 60.03, sought to have the judgment in 97–CI–00904 set aside on the ground that it constituted illegal judicial rezoning. That case, Circuit Case Number 02–CI–01627 is the subject of the current appeals before this Court.

The circuit court determined that the judgment entered in 97–CI–00904 did constitute illegal judicial rezoning and ordered that the judgment be set aside as void. In Case No. 2004–CA–000341–MR, Rogers and Holloway challenge the circuit court's order setting aside the judgment in 97–CI–00904. In Case No. 2004–CA–000483–MR, West Point asks that this Court reinstate those portions of the judgment in 97–CI–00904 that provided that Rogers and Holloway would deed the 17 acres back to West Point.

We shall deal with the issues raised in Case No. 2004–CA–000341–MR first. In that appeal Rogers and Holloway make several arguments for why the circuit court's judgment setting aside the agreed judgment in 97–CI–00904 should be reversed. West Point agrees with Rogers and Holloway at least to the extent that it wishes the agreed judgment to be reinstated or the 17 acres to be conveyed to it.

In their first two arguments Rogers and Holloway contend that the agreed judgment in 97–CI–00904 was not illegal judicial rezoning as found by the circuit court. It argues that the agreed judgment, rather than being illegal judicial rezoning, is sim-

ply protection from an illegal zoning system. They state that other courts have recognized this difference. Concerned Citizens contends that the agreed judgment did constitute illegal judicial rezoning.

Kentucky case law makes clear that the judicial system is not to be substituted for decisions more appropriately made by a legislative body. *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, 379 S.W.2d 450, 455 (Ky.1964). Rezoning a piece of property is not a judicial function. *City of Louisville v. McDonald*, 470 S.W.2d 173, 178 (Ky.1971). Even where a court has the authority to find that an action by the legislative body is arbitrary, it does not have the authority to order a particular classification be applied to the property. *McKinstry v. Wells*, 548 S.W.2d 169, 174 (Ky.App.1977).

An examination of the agreed judgment at issue here clearly shows that the court was engaging in judicial rezoning. The agreed judgment is lengthy and a number of its provisions offend the principles cited in the cases above. For example, the agreed judgment provides that Rogers' and Holloway's ability to make use of the land is governed solely by the agreed judgment and not by ordinances that have or may be adopted pursuant to KRS Chapter 100. It also provides that Rogers and Holloway may operate a rock quarry on the property with details of what that constitutes. Further, the judgment is not only binding on Rogers, Holloway, and West Point, but also their successors and assigns. In essence, the court zoned the property at issue.

Rogers, Holloway, and West Point include in their arguments that one of the motivations for the agreed judgment was a concern that West Point's zoning system would be found invalid pursuant to *Hardin*

*County v. Jost*, 897 S.W.2d 592 (Ky.App. 1995). There Hardin County's zoning system was struck down in its entirety because its plan allowed for only two land uses—residential and agricultural. Any other use had to be gained through a conditional use permit. *Id.* at 593. The problems with the system were numerous, but at its core, Hardin County's zoning system was no system because it allowed only *ad hoc* zoning. There was no plan within which zoning could be developed, thus, the laws with respect to zoning were not of general application. *Id.* at 595.

In the agreed judgment West Point acknowledges that its system would likely be found unconstitutional for these same reasons. Whether this will ultimately be found by the court is unknown, but even were the zoning system found to be invalid, it does not follow that Rogers and Holloway may make any use of the property it sees fit. If the system were unconstitutional, then West Point would obviously have to adopt a new comprehensive plan and zoning rules. There is no reason to believe that the property in dispute would not be subject to those ordinances.

The contention by Rogers and Holloway that other case law has recognized the distinction between protection from an illegal zoning system and illegal judicial rezoning is not supported by their references. Further, those authorities are not persuasive. For instance, in *Schwartz v. City of Flint*, 426 Mich. 295, 395 N.W.2d 678 (1986) the Court engaged in a long discussion about its own standards of review on zoning issues and ultimately determined it had been employing an incorrect standard. The opinion is truly specific to Michigan law and we do not see that it provides insight to the situation presented in this case especially since Kentucky law on the subject is quite clear. We would note that even in *Schwartz* the Court ac-

knowledged that courts should not perform the legislative function of zoning and that it is generally beyond the judicial power to determine what restrictions are applicable to a particular piece of property. *Id.* 426 Mich. at 308–309, 395 N.W.2d at 683.

Likewise, *City of Louisville v. Kavanaugh*, 495 S.W.2d 502 (Ky.1973) is distinguishable. In that case the Court clearly stated that it is not the role of the judiciary to conduct *de novo* determinations about the zoning applicable to a piece of property. *Id.* at 505. Although the circuit court in *Kavanaugh* had directed the property be classified in a particular zoning category, Kentucky's highest court found that this did not violate the rule against judicial rezoning because the court had not made a *de novo* determination. It had merely ordered that the classification required by the record be applied. *Id.* at 506.

In the instant case there is no dispute that West Point had no zoning classification that would have allowed the operation of a rock quarry. Thus, the agreed judgment created the zone in contravention of the rule against judicial rezoning, and it applied it only to Rogers and Holloway. The contention by Rogers and Holloway that this action by the circuit court represents only a fraction of the court's power is not in line with the case law that requires planning and zoning to be applicable throughout the community. *Hardin County v. Jost, supra.*

■ Rogers and Holloway next contend that Concerned Citizens did not file its independent action under CR 60.03 in a timely manner. CR 60.03 provides:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

By its terms, CR 60.03 is to be read in conjunction with CR 60.02 and the case law so recognizes. *Huffaker v. Twyford,* 445 S.W.2d 124, 125 (Ky.1969).

■ In this case Concerned Citizens sought to set aside the agreed judgment in 97–CI–00904 on the ground that the court's action was beyond its authority. Concerned Citizens argues that the judgment itself is void. Under CR 60.02 a judgment attacked by motion on the ground that it is void is not required to be filed within a specific time. *Engle v. City of Louisville,* 262 S.W.2d 371, 373 (Ky. 1953). The only requirement is that the action be filed within a reasonable time, *Foremost Ins. Co. v. Whitaker,* 892 S.W.2d 607, 610 (Ky.App.1995), and even this proposition is debatable since a void judgment does not acquire validity with the passage of time. 11 *Wright & Miller,* Fed. Prac. & Proc. Civ.2d § 2862.

Here Rogers and Holloway point to KRS 100.347 and its requirement that an appeal from a planning and zoning decision is required to be prosecuted within 30 days. Rogers and Holloway argue either that Concerned Citizens should be held to the 30–day requirement or that it at least provides a good indication of what the legislature considers to be a reasonable time. Rogers and Holloway also complain that Concerned Citizens waited over three years after the agreed judgment was entered and several months after the Supreme Court denied discretionary review in the prior two appeals to file its action under CR 60.03 and this is simply too long.

The circuit court heard these arguments and determined that Concerned Citizens

had filed within a reasonable time. The standard of review is whether the circuit court abused its discretion when it made that determination. *Fortney v. Mahan*, 302 S.W.2d 842, 843 (Ky.1957); *Schott v. Citizens Fidelity Bank and Trust Co.*, 692 S.W.2d 810, 814 (Ky.App.1985). We do not believe any abuse of discretion occurred. It is clear that Concerned Citizens has been challenging the agreed judgment in one way or another since it was entered, and the circuit court found that Rogers, Holloway, and West Point have not been misled by any delay.

■■ Rogers and Holloway next argue that Concerned Citizens should have brought this action at the same time that it brought 99–CI–01242. That action challenged West Point's process of approving the agreed judgment prior to its entry as being violative of the Open Meetings Act. While it is true that there is generally opposition to piecemeal litigation, the policy reasons behind that are to prevent a defendant from being repeatedly hauled into court over the same or similar issues by the same person or persons. In this case the parties have never really been out of court. Further, even if we said the case suffered from this defect since the agreed judgment is void, other, different citizens or property owners of West Point could file suit and the same result would occur.

■ Rogers' and Holloway's next argument is that Concerned Citizens does not have standing to maintain an independent action. Rogers and Holloway contend that because Concerned Citizens did not file this action based on KRS Chapter 100 it must find standing outside the statute in the common law. Under common law in order to challenge a public entity's action one must show some particular harm beyond that sustained by the public generally.

While this is an interesting argument it must fail. As this Court has recognized, even before the adoption of KRS Chapter 100 and specifically KRS 100.347(2) which confers standing on a wide basis, Kentucky courts have allowed a broader class of persons or entities to maintain suit on zoning issues. *21st Cent. Dev. Co., LLC v. Watts*, 958 S.W.2d 25, 28 (Ky.App.1997). Under the principles stated in *Watts*, Concerned Citizens clearly has standing.

■ Finally, Rogers and Holloway argue that since Concerned Citizens was never a party to the original case, 97–CI–00904, it cannot file an independent action under CR 60.03. There is no merit to this argument. The language of the Rule itself makes clear that it provides an avenue for anyone to attack a judgment.

■ We turn now to Case No. 2004–CA–000483–MR in which West Point argues that even if this Court upholds the circuit court's decision to set aside the agreed judgment in 97–CI–00904, we should also rule that West Point should still receive its 17 acres as set forth in that agreed judgment. The only argument that West Point makes in support of this result is that none of the parties have objected to it receiving the 17 acres and so it would like to put an end to this part of the litigation.

Despite West Point's representation, Rogers and Holloway did respond that there is an issue about the 17 acres of property. In defense of the counter-claim by West Point in 97–CI–00904 Rogers and Holloway filed an answer disputing West Point's right to the acreage. There, and in their brief to this Court, Rogers and Holloway state that the reservation was void because it was an agreement to agree and contained an inadequate description of the property.

The circuit court found that the agreed judgment's provisions giving West Point the acreage and settling the zoning issues were tied together. Thus, it would be inequitable to set aside only part of the agreed judgment. We agree, especially since it appears that if not for the agreed judgment there would exist a dispute between the parties about whether West Point is entitled to the property at all.

The judgment of the Hardin Circuit Court is affirmed and the case is remanded for further proceedings.

ALL CONCUR.