DANVILLE–BOYLE COUNTY PLANNING COMMISSION, Pete Coyle, Chairman; Tom Broach; Gary Chidester; John Forsyth; Ernest Hatfield; Clyde Jackson; George Johnson; Tom Wright; Jack Jones; Hugh Mahon; and Andy Parker, Appellants,

v.

CENTRE ESTATES; City of Danville; Danville Board Of Commissioners; John W.D. Bowling; Ryan Owens; Terry Crowley; Jamey Gay; Chester Kavanaugh; Jim Davis and Nancy Davis, Appellees.

and

James Davis and Nancy Davis, Appellants,

v.

Centre Estates; City of Danville; Danville Board of Commissioners; John W.D. Bowling, Mayor; Ryan Owens; Terry Crowley; Jamey Gay; Chester Kavanaugh; Danville–Boyle County Planning Commission; Pete Coyle; Tom Broach; Gary Chidester; John Forsyth; Ernest Hatfield; Clyde Jackson; George Johnson; Tom Wright; Jack Jones; Hugh Mahon and Andy Parker, Appellees.

and

City of Danville; Danville Board of Commissioners; John W.D. Bowling, Mayor of the City of Danville; John W.D. Bowling, Member, Danville Board of Commissioners; Ryan Owens, Mayor Pro–Tem; Ryan Owens, Member, Danville Board of Commis-

sioners; Terry Crowley, Member, Danville Board of Commissioners; Jamey Gay, Member, Danville Board of Commissioners; and Chester Kavanaugh, Member, Danville Board of Commissioners, Appellants,

v.

Centre Estates, A Kentucky General Partnership; Danville–Boyle County Planning Commission; Pete Coyle, Chairman, Danville–Boyle County Planning Commission; Tom Broach, Member, Danville–Boyle County Planning Commission; Gary Chidester, Member, Danville–Boyle County Planning Commission; John Forsyth, Member, Danville–Boyle County Planning Commission; Ernest Hatfield, Member, Danville–Boyle County Planning Commission; Clyde Jackson, Member, Danville–Boyle County Planning Commission; George Johnson, Member, Danville–Boyle County Planning Commission; Tom Wright, Member, Danville–Boyle County Planning Commission; Jack Jones, Member, Danville–Boyle County Planning Commission; Hugh Mahon, Member, Danville–Boyle County Planning Commission; Andy Parker, Member, Danville–Boyle County Planning Commission; James Davis, Member, Danville–Boyle County Planning Commission; and Nancy Davis, Member, Danville–Boyle County Planning Commission, Appellees.

and

Centre Estates, A Kentucky General Partnership, Cross–Appellant,

v.

City of Danville; Danville Board of Commissioners; John W.D. Bowling, In His Official Capacity as Mayor of the City of Danville; John W.D. Bowling, as a Member of the Danville Board of Commissioners; Ryan Owens, Mayor Pro–Tem, Member of the Danville Board of Commissioners; Terry Crowley, Member of the Danville Board of Commissioners; Jamey Gay, Member of the Board of Comissioners; Chester Kavanaugh, Member of the Danville Board of Commissioners; Danville–Boyle County Planning Commission; Pete Coyle, Chairman, Danville–Boyle County Planning Commission; Tom Broach, Member, Danville–Boyle County Planning Commission; Gary Chidester, Member, Danville–Boyle County Planning Commission; John Forsyth, Member, Danville–Boyle County Planning Commission; Ernest Hatfield, Member, Danville–Boyle County Planning Commission; Clyde Jackson, Member, Danville–Boyle County Planning Commission; George Johnson, Member, Danville–Boyle County Planning Commission; Tom Wright, Member, Danville–Boyle County Planning Commission; Jack Jones, Member, Danville–Boyle County Planning Commission; Hugh Mahon, Member, Danville–Boyle County Planning Commission; Andy Parker, Member, Danville–Boyle County Planning Commission; James Davis, Member, Danville–Boyle County Planning Commission; and Nancy Davis, Member, Danville–Boyle County Planning Commission, Cross–Appellees.

Nos. 2004–CA–001568–MR, 2004–CA–001569–MR, 2004–CA–001682–MR, 2004–CA–001685–MR.

Court of Appeals of Kentucky.

March 24, 2006.

Elizabeth G. Nickels, Danville, KY, for appellant, City of Danville.

Bruce E. Smith, Nicholasville, KY, for appellants, Danville–Boyle County Planning Commission and its Members.

Richard V. Murphy, Lexington, KY, for appellants, James Davis and Nancy Davis.

Rena G. Wiseman, Lexington, KY, for appellee, Centre Estates.

Before COMBS, Chief Judge; HENRY and SCHRODER, Judges.

## OPINION

HENRY, Judge.

The Danville–Boyle County Planning Commission (Planning Commission), the Mayor and Board of Commissioners of the City of Danville (City) and Jim and Nancy Davis, landowners and intervening defendants, filed separate appeals from an Opinion and Order of the Boyle Circuit Court remanding this case to the Commission with directions that it adopt new findings and recommend a new zoning classification for undeveloped land owned by Centre Estates. Although each appellant viewed the issues presented on appeal with a different emphasis, their arguments substantially coincide. The issues presented for our determination are: 1) Whether the zone change request failed to satisfy the statutory requirements found at KRS[1] 100.213(1); 2) Whether the zone change request was barred by the doctrine of administrative *res judicata;* 3) Whether the trial court had the authority to remand the case to the Planning Commission; and 4) Whether the trial court exceeded the permissible scope of its review and improperly substituted its judgment for that of the Planning Commission. Having con-

---

1. Kentucky Revised Statutes.

cluded that there is substantial evidence to support the City's decision that the statutory requirements for a zone change were not met, we reverse.

Centre Estates owns over 70 acres of undeveloped land bordered on the north by U.S. 150 and on the east by Gose Pike in Danville. The property is currently zoned for agricultural-residential use (AR–1). The area to the north of the subject property, across U.S. 150, is heavily developed, containing restaurants, a shopping center and various businesses. Hotels and restaurants lie to the west of the property. U.S. 150 intersects U.S. 127 a few hundred yards west of Gose Pike. Traffic is very heavy on both of these major highways.

In 1999, Centre Estates filed an application to change the zoning classification of the property from AR–1 to H–C (Highway Commercial). That application was denied. On December 26, 2002, Centre Estates filed another application to change the zoning of this 71.58–acre tract, intending to develop the area for primarily retail commercial uses such as restaurants, stores, and offices, and a shopping center area, which would accommodate larger retail stores. A lengthy public hearing was held before the Planning Commission on January 15, 2003, after which the matter was tabled until March 19, 2003. At the March meeting the Planning Commission voted on the request, and issued a nine-page document entitled "Findings and Recommendations on the Request of Centre Estates to Rezone 71.58 Net Acres Located on U.S. 150 By–Pass West of Gose Pike, Danville From AR–1 (Agricultural–Residential) to H–C (Highway Commercial)." This document contained a detailed summary of the proof presented both in support of, and in opposition to the zone

change, as well as the pertinent statutory requirements, findings of fact and conclusions, and a recommendation to the Board of Commissioners of the City of Danville setting out five reasons why the request should be denied. Those reasons, summarized,[2] were:

A) No significant changes in circumstances affecting the property has occurred since the denial of Centre Estates' identical request in 1999; therefore the proposal should be denied under the doctrine of administrative *res judicata.*

B) The Zone Map Amendment requested by Centre Estates does not agree with the Future Land Use Plan for the City of Danville.

C) No major, unanticipated physical, social or economic change has occurred which has altered the basic character of the area.

D) "Although the existing AR–1 zoning may be inappropriate, the proposed H–C zoning was not demonstrated to be an appropriate use for the entire 72 acre parcel."

E) "The Applicant failed to demonstrate or prove a compelling need for his zone change request."

At its meeting on April 28, 2003, the City adopted the Commission's Findings and Recommendations *in toto,* and denied Centre Estates' zone change request. Centre Estates appealed the City's decision to the Boyle Circuit Court.

In its Opinion and Order entered July 29, 2004, the Circuit Court found that Centre Estates' application "was not barred by administrative *res judicata,* but that the erroneous application of administrative *res judicata* by the Planning and Zoning Com-

---

2. Reasons A, B, and C are summarized. Reasons D and E are reproduced verbatim and are therefore enclosed in quotations.

358

mission and the City did not deprive Plaintiff/Appellant of a fair hearing." The court went on to find "that the City and the Planning Commission's refusal to grant any zone change to the subject property is arbitrary because the City and Planning Commission found that the existing zoning is inappropriate, but made no finding as to the appropriate zoning classification(s)." In support of this ruling the court cited to *City of Louisville v. Kavanaugh,* 495 S.W.2d 502 (Ky.1973).

The Circuit Court cited the City's adoption of Section 1790.2 of the Zoning Ordinance as its reason for holding that the Commission and the City were in error in finding that administrative *res judicata* barred Centre Estates' application. As quoted by the court, that section provides that "the Planning Commission may prohibit for one (1) year the reconsideration of a map amendment identical to a denied map amendment." The court held that because the City denied Centre Estates' prior map amendment request more than one year earlier, the ordinance controls rather than the doctrine of administrative *res judicata.* The court nevertheless found that the erroneous application of that doctrine did not deprive Centre Estates of a fair hearing because full hearings were held on the application, and because the refusal to rezone was based on other grounds in addition to *res judicata.*

The Circuit Court's ruling concluded as follows:

The Planning Commission made a finding which states: *"Although the existing AR–1 zoning may be inappropriate, the proposed H–C zoning was not demonstrated to be an appropriate use for the entire 72 acre parcel."* The Court finds that the Planning Commission found that the existing AR–1 zoning is not appropriate, but further finds that there is insufficient evidence to overturn the

finding that H–C zoning was not appropriate for the entire parcel. For example, there was evidence presented of empty and available H–C land at a number of other locations in the vicinity. However, the Planning Commission made no finding as to which zoning classification(s) are appropriate and refused to grant any change to the existing zoning classification. Where the legislative body finds that the existing zoning is inappropriate but refuses to rezone, such refusal is arbitrary. *City of Louisville v. Kavanaugh,* Ky.App., 495 S.W.2d 502 (1973). The question then becomes what "disposition should be made by the circuit court." *Kavanaugh* at 505. Under these circumstances, this Court holds that the matter should be remanded to the Planning Commission for adoption of findings, based on the record, as to the appropriate zoning classification(s) and a recommendation to rezone the property to such classifications. (Emphasis added).

KRS 100.213, quoted in full below, sets out the findings that are required before a city may make an amendment to an approved zone map:

(1) Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the adopted comprehensive plan, or, in the absence of such a finding, that one (1) or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court:

(a) That the existing zoning classification given to the property is inappropriate and that the proposed zoning classification is appropriate;

(b) That there have been major changes of an economic, physical, or social nature

within the area involved which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area. (2) The planning commission, legislative body, or fiscal court may adopt provisions which prohibit for a period of two (2) years, the reconsideration of a denied map amendment or the consideration of a map amendment identical to a denied map amendment.

As noted above, after reviewing the evidence presented at the January 15, 2003, hearing the Planning Commission set out the five reasons why it found that none of the requirements of KRS 100.213(1)(a) or (b) was met by Centre Estates' requested zone map amendment.

■■■■ Circuit Court review of the zoning decisions of legislative bodies is specifically authorized by statute at KRS 100.347. Judicial review of administrative action by such bodies is "concerned with the question of *arbitrariness*." *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission*, 379 S.W.2d 450, 456 (Ky.1964)(emphasis in original). An administrative ruling is arbitrary, and therefore clearly erroneous, if it is not supported by substantial evidence. *Fritz v. Lexington–Fayette Urban County Government*, 986 S.W.2d 456, 458–459 (Ky.App.1998)(internal citation omitted). Reviewing courts may not disturb factual findings made by an administrative agency if those findings are supported by substantial evidence. In other words, "[a] reviewing court is not free to substitute its judgment for that of an agency on a factual issue unless the agency's decision is arbitrary and capricious." *McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454, 458 (Ky.App.2003)(internal citation omitted). On determinations of fact "[t]he administrative agency's findings will be up-

held even though there exists evidence to the contrary in the record." *Kentucky Unemployment Insurance Commission v. Landmark Community Newspapers*, 91 S.W.3d 575, 578 (Ky.2002) (internal citation omitted).

■■■ Although there was conflicting evidence in this case, our review of the record leaves no question that the factual findings of the Planning Commission, which were adopted by the City, were based on substantial evidence. That being so, they are conclusive. *Id.* at 578–579. The Circuit Court's decision to remand was based solely on Finding "D" by the Planning Commission to the effect that "[a]lthough the existing AR–1 zoning may be inappropriate, the proposed H–C zoning was not demonstrated to be an appropriate use for the entire 72 acre parcel." The finding is patently ambiguous in reference to both the existing zoning classification and the proposed classification, resulting in the Circuit Court's decision to remand. Even so, when the finding is read in the context of the entire Findings and Recommendations by the Planning Commission, it is clear that the Commission determined that the proposed zoning was not appropriate within the meaning of KRS 100.213(1)(a). The statute plainly requires that in the absence of a finding that the proposed map amendment complies with the comprehensive plan, there must be a finding both that the existing zoning is inappropriate and that the proposed zoning is appropriate. Neither finding was made by the Planning Commission in this case. In the first place, we cannot agree with the Circuit Court that the Planning Commission's finding that the existing zoning "may be inappropriate", when read in context, equates to a finding that such zoning "is inappropriate." More importantly, Centre Estates' burden was to convince the Planning Commission that a zone map amend-

ment for the entire 71.58 acres was appropriate, and it failed to carry that burden. See *Fritz v. Lexington–Fayette Urban County Government,* 986 S.W.2d at 458. We have been cited to no authority holding that it is incumbent on the Planning Commission or the City to revise an applicant's requested map amendment and rezone only those lesser-included portions which conform to the comprehensive plan.

*City of Louisville v. Kavanaugh,* 495 S.W.2d 502 (Ky.App.1973), relied on by the Circuit Court in its decision to remand, is inapplicable here. In that case, the Jefferson Circuit Court reversed a ruling of the Board of Aldermen of the City of Louisville denying rezoning even though the zoning change agreed with the comprehensive plan and was recommended by the planning commission. There being nothing whatever in the record to support the Board's decision, it was arbitrary. *Id.* at 505–506. That is not this case. Here, ample evidence was placed of record to support the City's position that the map amendment requested by Centre Estates did not comply with the comprehensive plan. According to the plan, only thirty-five additional acres of commercial land are required over the next twenty years, and there are over two hundred acres already available for commercial use. Granting the requested amendment would result in linear strip development along a larger area of U.S. 150, which is discouraged in the plan.

Having concluded that there was substantial evidence to support the City's decision that Centre Estates' zone change request did not meet the requirements of KRS 100.213, we find it unnecessary to reach the remaining arguments raised by the parties. With this said, because of the effort expended by the parties in briefing and arguing the issue of administrative *res judicata* as it applies to zoning cases in general and to this case in particular, we merely observe that we have no quarrel with the trial court's ruling that the doctrine was incorrectly applied in this case. Administrative *res judicata* is at best a poor fit when applied to zoning cases, and our courts have struggled with such applications. *See, e. g., Johnson v. Lagrew,* 447 S.W.2d 98, 102 (Ky.1969) and *Fiscal Court of Jefferson County v. Ogden,* 556 S.W.2d 899, 902 (Ky.App.1977). While we understand the sentiment expressed in *Ogden* that repeated zone change applications can be vexing, it is also true that communities change, sometimes very rapidly, and that the entities charged with regulating the changes must be free to reexamine their prior decisions. The General Assembly addressed this conflict by enacting KRS 100.213(2), which permits zoning bodies to adopt a method to promote stability of their decisions while allowing for periodic review. The City of Danville did so in this instance by enacting Section 1790.2 of the Zoning Ordinance.

The Opinion and Order of the Boyle Circuit Court is reversed, and this case is remanded to that Court with directions to enter a new Order in conformity with this Opinion.

ALL CONCUR.