Alice South HUME, et al., Appellants,

v.

FRANKLIN COUNTY FISCAL COURT, et al., Appellees.

and

Lewis Bizzack, et al., Cross–Appellants,

v.

Alice South Hume, et al., Cross–Appellees.

Nos. 2006–SC–000499–DG, 2006–SC–000091–DG.

Supreme Court of Kentucky.

Sept. 18, 2008.

As Modified on Denial of Rehearing Feb. 19, 2009.

Richard V. Murphy, Lexington, KY, W. Henry Graddy, IV, W.H. Graddy & Associates, Midway, KY, Counsel for Appellants.

Anthony Joseph Phelps, Stoll, Kennon & Park, LLP, Lexington, KY, Edward F. Busch, Conliffe, Sandmann & Sullivan, Louisville, KY, Paul C. Harnice, Stoll, Kennon & Park, LLP, Frankfort, KY, Rena Gardner Wiseman, Stoll, Kennon & Park, LLP, Lexington, KY, Richard M. Sullivan, Conliffe, Sandmann & Sullivan, Louisville, KY, Ricky Eugene Sparks, Franklin County Attorney, Frankfort, KY, Scott Alan Johnson, Conliffe, Sandmann & Sullivan, Louisville, KY, William M. Lear, Jr., Stoll, Kennon & Park, LLP, Lexington, KY, Counsel for Appellees.

Opinion of the Court by Justice SCHRODER.

This is a consolidated appeal of a planning and zoning case which attempts to apply the doctrine of res judicata to an application for a zone map amendment. We opine that res judicata is a judicial concept and has no application to a zoning map amendment, which involves a legislative function.

Gary, John, and Lewis Bizzack (Property Owners) own a 10.31 acre tract (the Bizzack's tract) in Franklin County, Kentucky, which was the subject matter of different zoning map change requests. Alice Hume and Pin Oak Stud are neighboring landowners to the Bizzack's tract (the Neighbors).

In 1997, the Property Owners requested a zone change from Professional Office to Highway Commercial. After review, the Frankfort–Franklin County Planning Commission (Planning Commission) recommended approval of the zoning map amendment request and the Franklin Fiscal Court (Fiscal Court) approved said request for the reasons stated in the Planning Commission's approval. The Neighbors appealed to the Franklin Circuit Court (Circuit Court), which reversed and remanded for reconsideration of the facts in light of the standards in KRS 100.213(1).

The Fiscal Court did not conduct a new hearing, but reconsidered the findings of fact and conclusions of law and reapproved the zoning map change request. The Neighbors again appealed to the Circuit Court which again reversed, but without remanding. The Property Owners appealed to the Court of Appeals, which dismissed for failure to name a necessary party-the Planning Commission.

On January 19, 2001, the Property Owners applied to the Planning Commission for a zoning map amendment of the Bizzack's tract from Professional Office to Highway Commercial. Following a public hearing, the Planning Commission voted 5-4 to approve the request. The Fiscal Court approved the zone change based on the Planning Commission's recommendation, after finding that the requested zoning map amendment was in agreement with the Comprehensive Plan. The Neighbors appealed to the Circuit Court, which affirmed. A subsequent appeal to the Court of Appeals resulted in reversal for the Fiscal Court's failure to make its own findings based upon either: reviewing the Planning Commission's record; or conducting its own evidentiary hearing. This Court denied a petition for discretionary review on June 9, 2004.

On June 24, 2003, while the above was still pending, the Property Owners filed a new request for a zone change map amendment from Professional Office to Highway Commercial. The Neighbors filed a request for a stay in Circuit Court which was dismissed for lack of jurisdiction. On September 18, 2003, the Planning Commission held a new public hearing on the application and on November 20, 2003, voted 5–5. The Fiscal Court reviewed the application and the Planning Commission record, and voted to grant on February 6, 2004. The Neighbors appealed to the Circuit Court, which reversed, reasoning that the latest request for rezoning should not have been filed while an earlier request was still pending, based on res judicata and the "time-honored doctrine that the same case cannot be pending in two different tribunals at the same time." The Court of Appeals agreed in part, ruling that res judicata could be applied to administrative zoning matters if there are no changes, and remanded the case to the Fiscal Court to make findings concerning whether there have been changes since its action on the prior application. We granted discretionary review to discuss the application of res judicata to applications for zoning change map amendments as there is no Kentucky case directly on point.

Chapter 100 of the Kentucky Revised Statutes is our current enabling act for "Planning and Zoning." KRS 100.201, 100.203, and 100.207 authorize cities, counties, and urban-county governments, to consider and adopt land use regulations (zoning).[1] Before a legislative body adopts zoning regulations, it must adopt a "comprehensive plan." KRS 100.201(2). A comprehensive, or master plan, states the goals and objectives of the community, which serve as a guide for the future physical, economic, and social development. KRS 100.187. One element of the comprehensive or master plan is a land use plan which is basically a map of the community with all the existing land uses, and a map which shows proposed land uses for the most appropriate, economic, desirable, and feasible patterns for the general future development of the community. KRS 100.187(2).

Once the comprehensive plan is adopted, the community may adopt its zoning regulations. KRS 100.201. Zoning regulations have two parts. First, there is a text which lists the types of zones in the community and the regulations for each zone. Next, there is a zoning map which shows the boundaries of each zone in the community. KRS 100.203. This is our starting point for the Bizzack's tract. The property is zoned Professional Office (PO) and the requests have been to rezone the property to Highway Commercial (HC). Comprehensive plans and zoning ordinances anticipate zone changes, or at least requests for a zone change. KRS 100.213 governs zoning map amendments:

(1) Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the adopted comprehensive plan, or, in the absence of such a finding, that one (1) or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court:

(a) That the existing zoning classification given to the property is inappropri-

---

1. Exempting parcels of five acres or more used for agricultural purposes. KRS 100.203(4); KRS 100.111(2).

ate and that the proposed zoning classification is appropriate;

(b) That there have been major changes of an economic, physical, or social nature within the area involved which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area.

(2) The planning commission, legislative body, or fiscal court *may* adopt provisions which prohibit for a period of two (2) years, the reconsideration of a denied map amendment or the consideration of a map amendment identical to a denied map amendment.

(emphasis added).

The parties agree that the local zoning ordinance does not contain any time limitations on zoning map amendment applications as authorized by KRS 100.213(2). In the absence of any legislative time restrictions, the lower courts applied the concept of res judicata to prevent what has happened in this case—endless applications. While at first blush, the goal of preventing endless applications seems desirable, the legislative body passed up its opportunity to limit the numbers by not including the legislative solution—a time provision in the ordinance itself.[2]

■ Adopting the doctrine of res judicata is not appropriate because res judicata is a judicial doctrine,[3] while rezoning is a legislative function.[4] While res judicata

may apply to subsequent litigation(s) of a zone change application, it does not, nor can it apply to a subsequent zone change map amendment application. In *Johnson v. Lagrew,* 447 S.W.2d 98 (Ky.1969), our predecessor, the Court of Appeals, recognized that life changes, that communities change, and that in short periods of time, the economic, physical, or social nature of community or area can be subject to change, as recognized by the comprehensive or master plan. *See* KRS 100.187; KRS 100.213(1). Announcements of change, like the opening of an automobile plant, new school, hospital, road, utilities, planned unit development, or even a change in the tax code can have significant meaning to a neighborhood or even community. What a legislative body turned down one day may by highly coveted *before* a two-year waiting period has expired. *See Danville–Boyle County Planning Comm'n v. Centre Estates,* 190 S.W.3d 354, 360 (Ky.App.2006). That is why subsequent requests for a zone change must give the applicants an opportunity to show changed circumstances, if any, or merely the opportunity to reexamine their prior decisions. Endless applications can be prevented by the legislative body through the adoption of time limitations. The Fiscal Court in this case chose not to enact time limitations, which was their prerogative.

---

2. The application in question was a *new* application. It is irrelevant that the substance of the application was identical to a previous application because circumstances may change from one application to the next. There is no jurisdictional issue as each additional application may be considered by the Fiscal Court.

3. *See Yeoman v. Commonwealth,* 983 S.W.2d 459, 464–465 (Ky.1998) ("The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata

is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical.") (footnote and citations omitted).

4. KRS 100.207; KRS 100.211; *Johnson,* 447 S.W.2d at 102.

■ The decision on whether or not to grant the latest zoning map amendment is a legislative function of the Fiscal Court. In *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission,* 379 S.W.2d 450, 456 (Ky.1964), the former Court of Appeals, now this Court, decided that the role of judicial review is to determine whether the action was arbitrary, meaning whether the action was in excess of granted powers; whether procedural due process was afforded; and whether the action taken was based on substantial evidentiary support. As rezoning is a legislative function, judicial concepts, like an impartial tribunal and prohibitions of ex parte contacts with the decision makers, do not apply. *See Hilltop Basic Resources v. County of Boone,* 180 S.W.3d 464, 469 (Ky.2005). "[P]rocedural due process is simply that all affected parties be given 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (citation omitted). Only bias or prejudicial conduct that demonstrates malice, fraud, corruption, conflicts of interest, or blatant favoritism, are considered arbitrary in zoning actions. *Id.*

■ In the case sub judice, there is no allegation that the Fiscal Court does not have the power to rezone, nor are there any allegations of malice, fraud, corruption, conflicts of interest, or blatant favoritism. The only issues left are whether the Fiscal Court's decision was based on substantial evidence in the record, and whether the determination was in conformance with the comprehensive plan. Even though the lower courts decided those issues were moot, the parties did address the record and the comprehensive plan in their briefs. In the interest of judicial economy, we will review the Fiscal Court's

decision to rezone the property as our standard of review of the rezoning request would be the same as that of the Circuit Court.[5]

The request in this case was to rezone from Professional Office to Highway Commercial. The comprehensive plan suggests the property be zoned for a Regional Retail Center. The Fiscal Court made a finding that the proposed amendment was consistent with the Urban Land Use Plan of the Comprehensive Plan. The Neighbors' argument is not that the Comprehensive Plan calls for a Regional Retail Center, but that the proposed zoning map amendment does not fit within the definition of a Regional Retail Center. At this point we are dealing with semantics. The Fiscal Court reviewed the development plan, saw the particular uses, and decided the request met the requirements for a Regional Retail Center. The Neighbors disagree, contending the proposed uses are not "regional serving" in nature. Even if we agree with the Neighbors' argument, under the evidence presented to the Planning Commission and reviewed by the Fiscal Court, the Fiscal Court could have made the finding that they did, or that those proposed uses on the development plan were more appropriate under KRS 100.213(1)(a) or (b).

The Comprehensive Plan's goals and objectives for a change is a legislative function. The Comprehensive Plan calls for a change. The particular zone change is a legislative function. The record and evidence is there for a change. Can we, the Court, say the request does not meet or fit into the concept called for in the Comprehensive Plan? Unless this Court is of the opinion that based on the record and evidence presented, the Fiscal Court's deci-

---

5. *See City of Louisville v. Kavanaugh,* 495 S.W.2d 502, 505 (Ky.1973) (judicial review by

Circuit Court of zoning decision limited to issue of whether the decision was arbitrary).

sion was arbitrary, we cannot void the Fiscal Court's rezoning of the Bizzack's tract to Highway Commercial. We are not inclined to opine that the Fiscal Court's findings and rezoning was arbitrary based on the record and evidence in this case.

For the foregoing reasons, we reverse the Court of Appeals decision to the extent that it applies the doctrine of res judicata to applications for zoning map amendments. We also reverse the Court of Appeals' remand with instructions to reinstate the Fiscal Court's decision.

All sitting, except MINTON, C.J. CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur. ABRAMSON, J., concurs in result only.