RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1301-MR

DENNIS JACKSON                                 APPELLANT

                  APPEAL FROM BREATHITT CIRCUIT COURT
v.                HONORABLE KENNETH PROFITT, JUDGE
                       ACTION NO. 10-CR-00038

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND MAZE, JUDGES.

CETRULO, JUDGE: Dennis Jackson appeals from the Breathitt Circuit Court oral order denying Jackson's motion for relief pursuant to Kentucky Rules of Civil Procedure ("CR") 60.02, 60.03, and the Eighth Amendment of the United States Constitution. We affirm.

# BACKGROUND

Appellant Dennis Jackson ("Jackson") was accused of sexually abusing four children and sodomizing one of them. He knew or met each of these children through his role as a youth minister at a local church, his role as a baseball coach at a local private Christian school, or as a relative.

At trial, Jackson denied all charges against him. Jackson was convicted of one count of first-degree sodomy, four counts of first-degree sexual abuse, and four misdemeanor sexual abuse charges. He was found not guilty of two counts of first-degree sexual abuse and two other lesser charges. He received a life sentence with the possibility of parole after 25 years. On appeal, the Kentucky Supreme Court reversed three of his first-degree sexual abuse convictions due to the admission of impermissible expert testimony and affirmed the remaining convictions and his sentence. *See Jackson v. Commonwealth*, No. 2011-SC-000008-MR, 2012 WL 3637159 (Ky. Aug. 23, 2012).

Jackson thereafter filed a *pro se* motion to vacate judgment pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 alleging ineffective assistance of trial counsel. On March 25, 2015, the circuit court denied the motion. *Jackson v. Commonwealth*, No. 2015-CA-000520-MR, 2016 WL 5319392 (Ky. App. Sep. 23, 2016). This Court affirmed. *Jackson*, 2016 WL 5319392, at *1.

On June 15, 2020, Jackson filed another motion to vacate judgment under CR 60.02, CR 60.03, and the Eighth Amendment of the United States Constitution. The trial court conducted a hearing on August 7, 2020. At that hearing, Jackson was represented by counsel and given an opportunity to testify. Additionally, a prison employee testified about the health and safety protocols currently in place at the prison complex. After testimony, the trial court orally denied relief stating:

> I don't think that the situation, as I've heard it described, rises to the level that would warrant a setting aside of your judgment, vacating your judgment under 60.02(f) and/or modifying it someway under 60.03. In particular, it strikes me, that there is no guarantee of your safety no matter where you're at. Although I completely recognize that you're at a higher risk inside the prison if a situation develops where inmates start . . . or staff, either one, start testing or contracting the disease. So, after consideration, and I will say I read your motion carefully for the hearing today, in addition to listening to arguments, after consideration, your request is denied. Motion is overruled.

This appeal followed.

## STANDARD OF REVIEW

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). A trial court's denial of a CR 60.03 motion is also reviewed for abuse of discretion. *Rogers Group, Inc. v. Masterson*, 175 S.W.3d 630, 636 (Ky. App.

-3-

2005) (citations omitted).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

Questions of constitutionality are reviewed *de novo*.  *Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018) (citation omitted).

## ANALYSIS

Jackson is currently incarcerated at the Eastern Kentucky Correctional Complex ("EKCC").  On appeal, Jackson argues he is entitled to relief from the remainder of his sentence[1] due to his risk of contracting SARS-CoV-2 ("COVID-19").  Citing the National Commission on COVID-19 in the Criminal Justice System,[2] Jackson alleges "inmates are 4 times more likely to be infected than those in the free world" and if infected with COVID-19, incarcerated people are "two times more likely to die from it."  Additionally, he argues that his various health ailments[3] put him in a high risk category for complications from the virus.  Specifically, Jackson argues that (1) the trial court abused its discretion in denying

---

[1] In his brief, Jackson requested early release or "house arrest."

[2] *See* www.counciloncj.org/covid-19 (last accessed Feb. 2, 2022).

[3] At the August 2020 hearing, Jackson argued his high risk factors include his age (79 years old); his stroke in 2019; his high blood pressure and high cholesterol; his steroid shots for  rheumatoid arthritis; and his gallbladder removal in 2014.

his motion under CR 60.02(f); (2) the trial court abused its discretion in denying his motion under CR 60.03; and (3) he is entitled to relief under the Eighth Amendment of the United States Constitution.

First, Jackson is not entitled to relief under CR 60.02(f). Our Supreme Court has held there is a "high standard for granting a CR 60.02 motion," because relief under CR 60.02 is meant to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004) (citation omitted).

Although some might consider the COVD-19 pandemic to be unusual and extraordinary, CR 60.02 "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)). However, Jackson is not alleging any claims of error stemming from his prosecution, guilty plea, or sentence. Jackson is arguing for release based upon health reasons, but this Court has held physical ailments are not trial defects and do not qualify as "claims of an extraordinary nature" entitling someone to relief under CR 60.02(f). *Ramsey*, 453 S.W.3d at 739 (internal quotation marks and citation

-5-

omitted). In fact, we have rejected similar COVID-19-based arguments made by other prisoners. *Williams v. Commonwealth*, Nos. 2019-CA-0964-MR and 2020-CA-0638-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021); *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26, 2021); *Morris v. Commonwealth*, No. 2020-CA-1195-MR, 2021 WL 1933656 (Ky. App. May 14, 2021); *Thomas v. Commonwealth*, No. 2020-CA-1081-MR, 2021 WL 3117200 (Ky. App. Jul. 23, 2021); and *Eaves v. Commonwealth*, No. 2020-CA-1276-MR, 2021 WL 3818113 (Ky. App. Aug. 27, 2021).

Simply put, because Jackson is not raising any claims of error stemming from a defect in the trial proceedings or evidence at trial, *etc.*, such that a miscarriage of justice will result from the effect of the final judgment, he is not entitled to CR 60.02 relief. *See Wine*, 699 S.W.2d at 754. Therefore, the trial court did not abuse its discretion in denying his CR 60.02 motion.

Second, Jackson's claim under CR 60.03 must also fail.

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

CR 60.03.

The plain language of CR 60.03 requires a separate, independent action, which Jackson did not file. Because his argument is based upon the same core grounds that failed to satisfy CR 60.02(f), he is not entitled to relief under CR 60.03. *Foley*, 425 S.W.3d at 888 (quoting CR 60.03) ("Appellant is not entitled to relief under CR 60.02. As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.' It follows that Appellant is not entitled to relief under CR 60.03."). Consistently, we have rejected similar CR 60.03 arguments made by other inmates during the COVID-19 pandemic. *Williams*, 2021 WL 943753, at *2-3; *Gribbins*, 2021 WL 1164461, at *2; *Morris*, 2021 WL 1933656, at *2; *Thomas*, 2021 WL 3117200, at *2; and *Eaves*, 2021 WL 3818113, at *2.

Additionally, CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017). This rule requires Jackson to establish *three* necessary elements for equitable relief:

> Generally, claimants seeking equitable relief through independent actions must meet three requirements. Claimants must (1) show that they have no other available or adequate remedy; (2) *demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief*; and (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief.

*Bowling v. Commonwealth*, 163 S.W.3d 361, 365 (Ky. 2005), *abrogated on other grounds by Woodall v. Commonwealth*, 563 S.W.3d 1 (Ky. 2018) (citation omitted).

Logically, the second prong has been met; Jackson did not create the COVID-19 pandemic. However, Jackson has not shown that he has no other available or adequate remedy, nor has he established grounds for equitable relief. In fact, another remedy may exist for Jackson: the parole board. We believe granting parole is a duty best left to the parole board in accordance with Kentucky Revised Statute ("KRS") 439.330. While sentencing is a duty of the courts, parole (for felonies) is a function of the executive branch (Department of Corrections). KRS 439.330 and 439.340. Therefore, the trial court did not abuse its discretion in denying his CR 60.03 motion.

Finally, Jackson is not entitled to relief under the Eighth Amendment. The Eighth Amendment is violated "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Griffith v. Franklin County, Ky.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted).

Herein, Jackson is not arguing that EKCC failed to provide him medical care or reasonable safety; he is arguing that the complex could be doing

more to protect the inmates from COVID-19. Jackson alleges that EKCC was not testing inmates on a regular basis nor segregating those individuals at high risk. However, like the Sixth Circuit, we look to see if EKCC took reasonable steps to protect the inmates from the spread of COVID-19. *Wilson v. Williams*, 961 F.3d 829, 839-41 (6th Cir. 2020) (despite an outbreak ultimately occurring at the prison in question (not EKCC), the Sixth Circuit determined that the Bureau of Prisons had not been deliberately indifferent to the prisoners' health and safety because it responded reasonably to the risks posed by COVID-19 by implementing a plan to reduce those risks).

Herein, the EKCC re-entry coordinator testified at the August 2020 hearing that the complex was taking COVID-19 precautions including: all the inmates, approximately 2200, were issued masks and were mandated to wear the masks when around other people; all prisoners must quarantine for 14 days if they leave the facility for any reason, including but not limited to, medical treatment; staff must sanitize their hands, wear masks, and get their temperatures taken upon entry into the prison complex; if a staff member has close contact with someone with COVID-19, he or she must receive a negative test result before returning to work at EKCC; and if a staff member leaves the state, he or she must receive two negative tests before returning to work at EKCC. We find these measures to be reasonable.

Certainly, COVID-19 poses a significant threat to those living in confinement, and there is an increased risk of complications for individuals with certain health conditions. However, Jackson stated at the August 2020 hearing that he was receiving the medical treatment he required including high blood pressure medicine, high cholesterol medicine, and steroid shots for rheumatoid arthritis. Also, at that hearing, Jackson stated EKCC has "done a pretty good job here to do the best they can, I think, to help protect us." Despite this, Jackson *did* in fact contract COVID-19 (since the trial court's ruling). However, even if prison officials knew of a substantial risk to inmate health or safety we look to see if the officials "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844, 114 S. Ct. 1970, 1982-83, 128 L. Ed. 2d 811 (1994).[4] While Jackson argues that relief is necessary to protect him from reexposure, he does not argue that the EKCC gave him inadequate medical care or responded unreasonably to the pandemic risks. Therefore, the trial court did not err in denying his motion.

For the foregoing reasons, the Breathitt Circuit Court order denying Jackson's post-conviction motion is AFFIRMED.

---

[4] Although *Farmer* deals specifically with prison officials' liability under an Eighth Amendment violation, the United States Supreme Court's analysis is applicable herein as it addresses the duty of the prison officials to act reasonably when addressing a known inmate health risk, even and especially if, the harm is not ultimately averted.

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Dennis Jackson, *pro se*                Daniel Cameron
West Liberty, Kentucky                  Attorney General of Kentucky

                                        Perry T. Ryan
                                        Assistant Attorney General
                                        Frankfort, Kentucky